540 A.2d 960

COMMONWEALTH of Pennsylvania

v.

**Wayne HOWARD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1988.

Filed April 28, 1988.

John J. Garagozzo, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before ROWLEY, KELLY and CERCONE, JJ.

KELLY, Judge:

Appellant, Wayne Howard, appeals from judgment of sentence of five to ten years imprisonment imposed after his original sentence of two concurrent terms of sixteen months to sixty months imprisonment was vacated pursuant to *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), *affirmed sub. nom McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). Appellant contends that in light of his good behavior on parole from the vacated sentence, the new sentence is excessive and disproportionate and therefore constitutes cruel and unusual punishment. We affirm.

The relevant facts and procedural history may be summarized as follows. On March 17, 1983, appellant was arrested and charged with aggravated assault, simple assault, reckless endangerment, possession of an instrument of crime, and violation of the Uniform Firearms Act. Appellant had shot a bar employee in the leg during the course of an argument with the bar employee. The Commonwealth filed notice of its intent to proceed under 42 Pa.C.S.A. § 9712, which provides a five year mandatory minimum sentence for offenses committed with a firearm.

On August 25, 1983, a jury found appellant guilty of aggravated assault and possession of an instrument of crime. In accordance with a prior common pleas court opinion declaring 42 Pa.C.S.A. § 9712 unconstitutional, the trial court refused to impose the five year mandatory minimum sentence at sentencing. Two concurrent terms of sixteen months to sixty months imprisonment were imposed

instead. The Commonwealth filed for reconsideration of sentence seeking compliance with 42 Pa.C.S.A. § 9712. When the motion for reconsideration was denied, the Commonwealth filed timely notice of appeal to our Supreme Court.

On November 10, 1986, sentence was vacated by our Supreme Court and the case was remanded for resentencing in accordance with 42 Pa.C.S.A. § 9712. During the interim period, appellant (whose sentence was not stayed pending the Commonwealth's appeal) served his minimum sentence (16 months) and was released on parole. Appellant appeared for resentencing and was sentenced to a term of imprisonment of five to ten years. This timely appeal follows.

On appeal, appellant contends that under the circumstances of his case the five year mandatory minimum sentence imposed at resentencing constitutes unconstitutional cruel and unusual punishment. We cannot agree.

■ Initially, we note that the contention that a sentence is unconstitutional as cruel and unusual punishment challenges the legality of the sentence, rather than a discretionary aspect of sentence. See 42 Pa.C.S.A. §§ 9781(a) and 9781(b). Just as no court has authority to impose a sentence violative of the double jeopardy clause, no court may legally impose cruel and unusual punishment. Cf. Commonwealth v. Campbell, 351 Pa.Super. 56, 505 A.2d 262 (1986) (double jeopardy claim is addressed to the legality of the sentence imposed). Therefore, appellant's contention that the sentence imposed constitutes cruel and unusual punishment is a challenge to the legality of sentence which may be appealed as of right on direct appeal. 42 Pa.C.S.A. § 9781(a).

■ In previous cases, similar challenges to sentences imposed pursuant to 42 Pa.C.S.A. § 9712 have been rejected. In Commonwealth v. Ehrsam, 355 Pa.Super. 40, 512 A.2d 1199 (1986), this Court stated:

Whether section 9712 is violative of the prohibition against cruel and unusual punishment is one of first impression in this Commonwealth. We conclude that it does not.

\* \* \* \* \* \*

The legislature's enactment of section 9712 evinces a recognition of the seriousness of felonies committed with firearms, as well as a determination to protect the public from those armed with firearms, to deter violent crime and the illegal use of firearms, and to vindicate the legislature's interest in punishing those who commit serious crimes while visibly armed with a firearm. *Commonwealth v. Wright, supra,* 508 Pa. at 40, 494 A.2d at 362. We find that section 9712's five year mandatory minimum sentence is not disproportionate to the seriousness of the crime appellant committed, and does not shock either a balanced sense of justice or offend evolving notions of decency. Appellant's claim that section 9712 violated the prohibition against cruel and unusual punishment is accordingly without merit.

512 A.2d at 1210; *see also Commonwealth v. Bell,* 512 Pa. 334, 516 A.2d 1172 (1986) (sentence imposed pursuant to 42 Pa.C.S.A. § 9712 was neither excessive nor shocking and did not constitute cruel and unusual punishment).

In *Ehrsam* and *Bell,* the defendants contended that their individual circumstances (*e.g.* absence of prior records, an imperfect self-defense claim) compelled a conclusion that imposition of the five year mandatory minimum sentence would be excessive and disproportionate and therefore cruel and unusual punishment. Similarly, appellant argues that his good behavior while on parole from the vacated judgment of sentence demonstrates his complete and successful rehabilitation and reveals the lack of necessity for, and patent capriciousness incident to, a sentence of further confinement. Like *Bell* and *Ehrsam,* appellant fails to establish a valid claim.

Assuming, *arguendo,* that appellant has undergone a complete and successful conversion to principles of good

citizenship, the fact remains that criminal sanctions are not addressed solely to the question of whether a particular convict's rehabilitation will be served by the term of incarceration imposed. Even when no mandatory minimum sentence applies, the sentencing court is required to "follow the general principle that the sentence imposed should call for confinement *that is consistent with protection of the public,* the gravity of the offense as it relates to the impact on the life of the victim and the community, *and* the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The rehabilitative needs of the defendant are only one of several factors to be considered by a sentencing court.

The Pennsylvania legislature has determined that *the protection of the public* requires that a mandatory minimum sentence be imposed upon all persons convicted of specific crimes who visibly possessed a firearm during the commission of such offenses. 42 Pa.C.S.A. § 9712(a). In order to enhance general (rather than specific) deterrent effects, the individual circumstances of particular cases are not to be considered in deciding whether the mandatory minimum sentence applies; rather, when the mandatory minimum sentence applies, *the individual circumstances of the particular case are only to be considered in determining whether sanctions in excess of the mandatory minimum sentence should be imposed.* 42 Pa.C.S.A. § 9712(c). We find nothing excessive or arbitrary in the legislature's decision that the need to deter the illegal possession of firearms during the commission of specified crimes warrants imposition of a five year mandatory minimum sentence; consequently, appellant's claim fails. *Commonwealth v. Bell, supra; Commonwealth v. Ehrasam, supra.*[*]

Judgment of sentence affirmed.

[*] Recent sentencing reforms, including adoption of mandatory minimum sentence statutes, occurred in the context of full debate in the Pennsylvania legislature over key policy questions. *See generally Commonwealth v. Washington,* 357 Pa.Super. 548, 561–565, 516 A.2d 397, 403–405 & nn. 9–24 (1986) (Kelly, J., dissenting (reviewing legislative history of Pennsylvania sentencing reforms). While con-

sideration of the merits of such policy decisions is beyond the ambit of judicial review generally, we note (in response to the alleged irrationality of the imposition of the mandatory minimum sentence in the instant case) that a 1986 report by the Pennsylvania Commission on Crime and Delinquency, Bureau of Statistics and Policy Research, concludes that 42 Pa.C.S.A. § 9712 appears to be causing the general deterrent effect predicted by supporters of the statute. *See The Effects of Five Year Mandatory Sentencing in Pennsylvania,* 1 Justice Analyst 1, 1–8 (Pa.C.C.D. October 1986). For example, comparing 1981 and 1984 Pennsylvania crime statistics, the rate of gun robberies fell 40% while the rate of non-gun robberies fell by only 12%. *Id.* at 1. The legislature's analytically rational policy choice appears to have resulted in its intended effects; hence, analytical rationality has become empirically demonstrated rationality.