COMMONWEALTH of Pennsylvania,
Appellee

v.

John Mitchell CARTRETTE
Jr., Appellant.

Superior Court of Pennsylvania.

Argued Oct. 16, 2013.

Filed Dec. 24, 2013.

Jason G. Pudleiner, Public Defender, Gettysburg, for appellant.

Shawn C. Wagner, District Attorney, Gettysburg, for Commonwealth, appellee.

BEFORE: BENDER, P.J., FORD ELLIOTT, P.J.E., BOWES, PANELLA, DONOHUE, SHOGAN, LAZARUS, OLSON, and WECHT, JJ.

OPINION BY BOWES, J.:

John Mitchell Cartrette Jr. appeals from the judgment of sentence of one-and-one-half years to five years incarceration imposed by the trial court after it revoked his County Intermediate Punishment Program ("IPP") sentence. Counsel has filed a petition to withdraw from representation and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). We grant counsel's petition to withdraw and affirm.

Appellant initially pled guilty to two counts of possession with intent to deliver ("PWID") marijuana on March 11, 2004. Pursuant to the plea agreement, the court imposed a county intermediate punishment sentence. That sentence included imprisonment for the first three months, then an additional three months under house arrest, followed by two and one-half years probation.

Thereafter, on November 17, 2004, the Adams County Probation Office filed a motion to revoke Appellant's IPP sentence. The probation department alleged that Maryland authorities arrested Appellant on new drug charges, as well as for assault, disorderly conduct, and a violation of a protection from abuse order. On January 3, 2005, the probation department filed an amended revocation report asserting that Appellant had been arrested in Maryland for grand theft of a motor vehicle, unauthorized use of a motor vehicle, attempted robbery, reckless endangerment of a law enforcement officer, first and second degree assault, and resisting arrest.

Subsequently, on August 23, 2012, after being paroled from serving the Maryland sentence, Appellant appeared for his revocation hearing. Appellant admitted to violating his IPP sentence, and the court revoked Appellant's sentence. The court re-sentenced Appellant to one-and-one-half to five years incarceration on that same date. Appellant filed a post-sentence motion on August 31, 2012, seeking reconsideration of his sentence. The court denied that motion on September 5, 2012.

Appellant timely appealed on September 21, 2012. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant's counsel filed a statement of intent to file an *Anders/McClendon* brief in lieu of a concise statement. *See* Pa.R.A.P. 1925(c)(4). The trial court issued a one-paragraph Pa. R.A.P. 1925(a) decision finding that there was no issue to review. On appeal, counsel filed an *Anders* brief and attached his petition to withdraw.

In his *Anders* brief, counsel sets forth one issue that arguably supports the appeal. Specifically, he questions "[w]hether it was an abuse of discretion to sentence Appellant to one and a half (1 1/2) years to five (5) years in state prison on his first IPP revocation?" *Anders* brief at 6. The original panel in this matter requested *en banc* review based on a perceived conflict in our case law as to this Court's scope of review in an appeal examining a discretionary sentencing challenge after revocation proceedings. We granted *en banc* consideration.

Appellant's counsel, in addition to filing an *Anders* brief, filed a supplemental brief after this Court granted *en banc* review in which he maintained that this Court's scope of review includes discretionary sentencing challenges. The Commonwealth in its original brief limited its argument to whether Appellant raised a substantial question for review. Following this Court's certification of this matter for *en banc* consideration, the Commonwealth cited *Commonwealth v. Gilmore*, 465 Pa. 202, 348 A.2d 425 (1975), and *Commonwealth v. Jose Infante*, 585 Pa. 408, 888 A.2d 783 (2005), as precluding this Court from reviewing a discretionary sentencing challenge following revocation of an IPP sentence.

■ Initially, we note that we may not address the merits of the issue raised on appeal without first reviewing the request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super.2005). Therefore, we review counsel's petition at the outset. Our Supreme Court's decision in *Santiago, supra,* did not alter the procedural requirements counsel must satisfy in requesting to withdraw from representation. Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa.Super.2009).

Herein, counsel's petition to withdraw from representation states that he reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Appellant that he was seeking permission to withdraw and furnished Appellant with copies of the petition to withdraw and *Anders* brief, and advised Appellant of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention. Accordingly, counsel has satisfied the procedural requirements of *Anders*.

Having concluded that counsel has complied with the procedural mandates of *Anders,* we now determine whether counsel's *Anders* brief meets the substantive dictates of *Santiago*. According to *Santiago*:

in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago, supra* at 361.

Instantly, counsel provided the facts and procedural history of the case. Additionally, he refers to the sentencing claim as an

issue that could arguably support the appeal, and concludes that the issue is wholly frivolous. He reasons that the issue is frivolous because Appellant acknowledged committing numerous new crimes. Accordingly, counsel has complied with the minimum requirements of *Anders/Santiago*.

■ We now proceed to examine the issue on which we granted *en banc* review, *i.e.*, whether our scope of review includes Appellant's claim. In a long line of decisions spanning three decades, this Court has reviewed and, in some cases, granted relief to defendants challenging the discretionary aspects of their sentence following revocation of probation.[1] Never has this Court, on appeal from a revocation hearing, issued a decision refusing to consider whether the defendant raised a substantial question or declined to reach the merits of a defendant's discretionary sentencing challenge as falling outside our scope of review.

Moreover, our Supreme Court has not held that this Court is precluded from reaching a discretionary sentencing claim following a defendant's appeal from a violation of probation proceeding. Nor has our Supreme Court reversed a decision by this Court that afforded discretionary sentencing relief to a revocation of probation defendant based on a finding that this Court exceeded our scope of review by analyzing such a claim. Nevertheless, this Court and our Supreme Court have stated in various cases that our scope of review is

---

1. *Commonwealth v. Edwards*, 71 A.3d 323 (Pa.Super.2013); *Commonwealth v. Sherdina Williams*, 69 A.3d 735 (Pa.Super.2013) (reversing a revocation sentence based on a discretionary sentencing issue); *Commonwealth v. Carrillo–Diaz*, 64 A.3d 722 (Pa.Super.2013); *Commonwealth v. Ernest Simmons*, 56 A.3d 1280 (Pa.Super.2012), *appeal granted on other ground*, —— Pa. ——, 75 A.3d 484 (2013); *Commonwealth v. Schutzues*, 54 A.3d 86 (Pa.Super.2012); *Commonwealth v. Kelly*, 33 A.3d 638 (Pa.Super.2011); *Commonwealth v. Crump*, 995 A.2d 1280 (Pa.Super.2010); *Commonwealth v. Ahmad*, 961 A.2d 884 (Pa.Super.2008); *Commonwealth v. Flowers*, 950 A.2d 330 (Pa.Super.2008); *Commonwealth v. Kalichak*, 943 A.2d 285 (Pa.Super.2008); *Commonwealth v. Carver*, 923 A.2d 495 (Pa.Super.2007); *Commonwealth v. Pass*, 914 A.2d 442 (Pa.Super.2006); *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super.2006); *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa.Super.2006) (reversing probation revocation sentence based on sentence being excessive); *Commonwealth v. McAfee*, 849 A.2d 270 (Pa.Super.2004); *Commonwealth v. Anthony Simmons*, 846 A.2d 142 (Pa.Super.2004); *Commonwealth v. Parlante*, 823 A.2d 927 (Pa.Super.2003) (reversing based on discretionary sentence challenge); *Commonwealth v. Coolbaugh*, 770 A.2d 788 (Pa.Super.2001); *Commonwealth v. Fish*, 752 A.2d 921 (Pa.Super.2000); *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super.2000); *Commonwealth v. Ware*, 737 A.2d 251 (Pa.Super.1999); *Commonwealth v. Cappellini*, 456 Pa.Super. 498, 690 A.2d 1220 (1997); *Commonwealth v. Mobley*, 399 Pa.Super. 108, 581 A.2d 949 (1990); *Commonwealth v. Bailey*, 368 Pa.Super. 618, 534 A.2d 829 (1987); *Commonwealth v. Zeitlen*, 366 Pa.Super. 78, 530 A.2d 900 (1987); *see also Commonwealth v. Cottle*, 493 Pa. 377, 426 A.2d 598 (1981) (reversing a probation revocation sentence within the statutory limits); *Commonwealth v. Kuykendall*, 2 A.3d 559 (Pa.Super.2010) (stating that this Court's scope of review in an appeal from a revocation of probation or state intermediate punishment sentence included discretionary sentencing claims); *Commonwealth v. Philipp*, 709 A.2d 920 (Pa.Super.1998) (analyzing discretionary sentencing issues after revocation of county IPP sentence); *Commonwealth v. Mathews*, 337 Pa.Super. 91, 486 A.2d 495 (1984) (reversing a probation revocation sentencing without mentioning scope of review); *Commonwealth v. Carter*, 485 A.2d 802 (Pa.Super.1984) (same); *Commonwealth v. Kane*, 315 Pa.Super. 212, 461 A.2d 1246 (1983); *Commonwealth v. Steward*, 276 Pa.Super. 64, 419 A.2d 96 (1980) (reversing a probation of revocation sentence based on claim that sentencing court failed to place the reasons for its sentence on the record); *Commonwealth v. DeLuca*, 275 Pa.Super. 176, 418 A.2d 669 (1980).

limited to the validity of the proceedings and the legality of the sentence.[2]

To eliminate the discord between what we seem to say and what we do, we unequivocally hold that this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges. We read the statements in those cases that do not include discretionary sentencing issues as part of this Court's scope of review, *see e.g.,* footnote 2, to merely be incomplete. Pointedly, those few cases that use the abbreviated scope of review where a discretionary sentencing claim is in question have not declined to consider the merits of the issue because it was outside the court's scope of review. *See e.g. Commonwealth v. Simmons,* 56 A.3d 1280 (Pa.Super.2012), *appeal granted on other ground,* —— Pa. ——, 75 A.3d 484 (2013); *Commonwealth v. Fish,* 752 A.2d 921 (Pa.Super.2000).

■ In order to undertake a comprehensive analysis of this issue, it is necessary to understand that our Supreme Court generally has no jurisdiction to consider the merits of discretionary sentencing issues. Pursuant to 42 Pa.C.S. § 9781(f), "[n]o appeal of the discretionary aspects of the sentence shall be permitted

beyond the appellate court that has initial jurisdiction for such appeals." *See also Commonwealth v. Perry,* 612 Pa. 557, 32 A.3d 232, 236 n. 10 (2011); *Jose Infante, supra; Commonwealth v. Smith,* 543 Pa. 566, 673 A.2d 893, 894 (1996); *Commonwealth v. Rosario,* 535 Pa. 282, 635 A.2d 109, 109–110 (1993); *see also Commonwealth v. Pasture,* 614 Pa. 333, 37 A.3d 1174 (2012) *(per curiam )* (Saylor, J. dissenting). Therefore, our Supreme Court's scope of review necessarily would not include discretionary sentencing claims.

Consequently, when the Pennsylvania Supreme Court opines on its scope of review from a probation revocation proceeding, it is accurate for that Court to observe that its scope of review does not include a discretionary sentencing challenge. However, such a statement should not be read as implying that this Court, which ordinarily is charged with reviewing discretionary sentencing issues, lacks authority to do so. The Supreme Court's brief discussion in *Jose Infante, supra,* is illustrative.

The Court in *Jose Infante* opined,

We note at the outset that, although **this Court is generally without jurisdiction to review the discretionary as-**

2. *Commonwealth v. Jose Infante,* 585 Pa. 408, 888 A.2d 783 (2005); *Commonwealth v. Gilmore,* 465 Pa. 202, 348 A.2d 425 (1975); *Commonwealth v. Pablo Infante,* 63 A.3d 358 (Pa.Super.2013); *Commonwealth v. Ortega,* 995 A.2d 879 (Pa.Super.2010); *Commonwealth v. Simmons,* 56 A.3d 1280 (Pa.Super.2012), *appeal granted on other ground,* —— Pa. ——, 75 A.3d 484 (2013)) (although Simmons set forth the abbreviated scope of review, it determined that the relevant issue raised a substantial question but was without merit because the sentencing court considered the appropriate sentencing factors); *Commonwealth v. Johnson,* 967 A.2d 1001 (Pa.Super.2009); *Commonwealth v. MacGregor,* 912 A.2d 315 (Pa.Super.2006); *Commonwealth v. Heilman,* 876 A.2d 1021 (Pa.Super.2005); *Commonwealth v. Williams,* 801

A.2d 584 (Pa.Super.2002); *Commonwealth v. Fish,* 752 A.2d 921 (Pa.Super.2000) (while Fish did not state that this Court's scope of review could include discretionary sentencing issues, that was the issue before the panel and it reviewed the issue on the merits); *Commonwealth v. Anderson,* 788 A.2d 1019 (Pa.Super.2001) (PCRA case); *Commonwealth v. Gheen,* 455 Pa.Super. 499, 688 A.2d 1206 (1997) (PCRA case); *Commonwealth v. Smith,* 447 Pa.Super. 502, 669 A.2d 1008 (1996); *Commonwealth v. Byrd,* 444 Pa.Super. 86, 663 A.2d 229 (1995); *Commonwealth v. Beasley,* 391 Pa.Super. 287, 570 A.2d 1336 (1990); *Commonwealth v. Czapla,* 287 Pa.Super. 335, 430 A.2d 313 (1981); *Commonwealth v. White,* 264 Pa.Super. 495, 400 A.2d 194 (1979); *Commonwealth v. Sylvanus,* 246 Pa.Super. 93, 369 A.2d 826 (1976).

pects of a sentence, *see* 42 Pa.C.S. § 9781(f) ("No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals."); *see also Commonwealth v. Smith,* 543 Pa. 566, 673 A.2d 893, 895 (1996), **we do have jurisdiction to review an appeal claim involving the legality of a sentence.** *See* 42 Pa.C.S. § 9781(a). Furthermore, as the Superior Court aptly noted, the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation. *See Commonwealth v. Gilmore,* 465 Pa. 202, 348 A.2d 425, 427 (1975). Here, **the argument posed by appellee to the Superior Court, and accepted by that court, did not involve the discretionary aspects of the sentence.** Rather, the claim was that the sentencing court simply lacked the authority or power to revoke parole/probation and impose a new VOP sentence under these circumstances. Moreover, **the Superior Court's ultimate decision appears to have been based upon the perceived illegality of such a sentence. Accordingly, this Court's jurisdiction over the legal question raised herein is secure.**

*Jose Infante, supra* at 790 (footnote omitted) (emphases added). It is evident from this full passage from *Jose Infante* that the Supreme Court was observing that it lacked authority to review discretionary sentencing claims. Second, it recognized that the issue presented to it, and ruled upon by the Superior Court, was a legality of sentence issue. The Supreme Court concluded that its authority to rule on a legality of sentence claim was "secure." *Id.*

The comment regarding the Superior Court's observation could have been referring to the Supreme Court's authority, but regardless, since the case did not concern a discretionary sentencing matter, any comment on the correct scope of review of such a claim is *dicta.* Accordingly, we do not find that *Jose Infante* precludes this Court from considering Appellant's issue.[3]

We acknowledge that the Court in *Jose Infante* opined that this Court had aptly noted in the decision below that our scope of review after a revocation sentencing was limited to the validity of the revocation proceedings and the legality of the sentence imposed. In doing so, this Court had cited to *Gilmore, supra.* In *Gilmore,* the question presented to the Supreme Court was whether the defendant could challenge the voluntariness of his original guilty plea in an appeal following revocation of his probation. In finding that the defendant could not challenge his original guilty plea, the Court reasoned:

> It is true that an order placing a criminal defendant on probation need not be appealed and the failure to so appeal does not preclude a subsequent appeal from the final judgment of sentence imposed following an order revoking the probation. However, in such an appeal following the final judgment, the review is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence. The knowing failure to appeal from the order of probation constitutes a waiver of the

**3.** We note that the High Court in *Commonwealth v. Jose Infante,* 585 Pa. 408, 888 A.2d 783, 793 (2005), cited with approval, on other grounds, two Superior Court decisions that reviewed discretionary aspects of sentencing

claims following the revocation of probation. *Id.* at 793 (citing *Commonwealth v. Sierra,* 752 A.2d 910 (Pa.Super.2000), and *Commonwealth v. Ware,* 737 A.2d 251 (Pa.Super.1999)).

right to challenge the validity of the conviction upon which the probation order is based.

*Gilmore, supra* at 427 (internal citations omitted).

We do not read this passage in *Gilmore* as compelling this Court to overrule three decades of jurisprudence allowing this Court to not only analyze, but reverse a discretionary revocation sentence. The above language from *Gilmore* intended to clarify that an appeal challenging a revocation of probation proceeding cannot be used to attack the underlying conviction. The ultimate holding of *Gilmore* was that the voluntariness of a guilty plea cannot be contested following the revocation of probation. To the extent it failed to account for discretionary sentencing issues, the statement must be viewed in its historical context. Its observation could certainly be explained by the fact that no discretionary sentencing claim was involved in the appeal. To cite this case as pertaining to discretionary sentencing issues misses the mark. Not only was no such issue presented, but the statute allowing this Court to conduct discretionary sentencing review if a substantial question was raised had not yet been passed. The relevant law, 18 Pa.C.S. § 1386, now 42 Pa.C.S. 9781, did not become effective until 1979.[4]

Critically important to this entire discussion is the fact that, at the time of the *Gilmore* decision, the review of **all** sentencing matters was limited to whether the sentence was illegal or so manifestly excessive as to be constitutionally impermissible. *See Commonwealth v. Joseph Williams,* 456 Pa. 550, 317 A.2d 250 (1974); *Commonwealth v. Brown,* 443 Pa. 274, 278 A.2d 170 (1971). Importantly, it appears that an excessive sentence claim was considered a legality of sentence issue in the context of whether a death sentence was appropriate. *See Commonwealth v. Lee,* 450 Pa. 152, 299 A.2d 640 (1973) (collecting cases).[5]

In *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78, 80–81 (1971), our Supreme Court set forth:

our Superior Court has correctly ruled that the sentence imposed on a person convicted of crime lies with one exception (where the conviction is for first degree murder following a trial by jury) within the sole discretion of the trial

---

4. A Westlaw search of pre–1980 Pennsylvania cases for the phrases "discretionary aspects of sentence," or "discretionary aspects of sentencing" reveals no cases. Similarly, a search of "discretionary sentence" yields no results. However, a search of "discretionary sentencing" does find three cases, only one of which discusses discretionary sentencing: *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976).

5. We add that a finding that a sentence was "illegal" in other 1970 cases sometimes included claims that are now routinely considered discretionary sentencing issues. In *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976), the Supreme Court agreed that a sentence in which the lower court did not reference the individual characteristics or circumstances of the offenses was illegal. *Id.* at 651. Thus, in some cases, the courts of this Commonwealth used the language of an "illegal sentence" to refer broadly to sentencing issues that raised legal questions. Similarly, at the time of *Commonwealth v. Gilmore,* 465 Pa. 202, 348 A.2d 425 (1975), the Commonwealth had no right to appeal a sentence unless a pure question of law was involved. *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963); *Commonwealth v. Melton,* 402 Pa. 628, 168 A.2d 328 (1961). This Court has subsequently clarified the distinction between a sentencing issue that presents a legal question and sentences that are illegal. *See Commonwealth v. Archer,* 722 A.2d 203 (Pa.Super.1998) (*en banc*). Nonetheless, a precise definition of an illegal sentence has eluded both this Court and our Supreme Court. *See e.g. Commonwealth v. Foster,* 609 Pa. 502, 17 A.3d 332 (2011) (OAJC).

court, and the sentence imposed will not be reviewed by an appellate court, unless it exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment. *See Commonwealth v. Bilinski,* 190 Pa.Super. 401, 154 A.2d 322 (1959).

This limited review is no longer applicable. Indeed, this type of narrow review was criticized in *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976), which was decided after *Gilmore.* In *Martin,* the High Court concluded that sentences for six defendants were invalid because the sentencing court did not consider the defendants' individual characteristics or the circumstances of their offenses. The defendants were convicted of selling heroin and sentenced to three to ten years incarceration, sentences that fell within the statutory limits. The Supreme Court therein detailed the history of discretionary sentencing, which it defined as indeterminate sentences. Indeterminate sentences are those that do not provide a single fixed length of imprisonment. In Pennsylvania, indeterminate sentences require a court to state a minimum and maximum sentence, where the minimum does not exceed one-half the maximum sentence. *Id.* at 656.

The Commonwealth, relying on *Joseph Williams, supra, Lee, supra,* and *Wrona, supra,* argued that the sentences could not be disturbed because they were not so manifestly excessive as to constitute too severe a punishment nor did they exceed the statutory maximum. *Martin, supra* at 657. The *Martin* Court, nonetheless, opined that a sentencing court's discretion is also procedurally limited, notably by statutory provisions. Since the trial court

had not followed applicable statutory requirements, it was reversed.[6]

To summarize, *Gilmore* was decided before discretionary review of sentencing matters was accepted in Pennsylvania, and prior to statutory law limiting the Supreme Court's jurisdiction in the discretionary sentencing arena. This latter fact necessitates that this Court is charged with reviewing discretionary sentencing issues. The *Gilmore* Court did not hold that this Court cannot analyze discretionary sentencing claims after revocation proceedings, since discretionary sentencing review did not yet exist. Read in its proper context, *Gilmore* does not prevent this Court's review of a discretionary sentencing claim following a revocation sentence. *See also Commonwealth v. Ferguson,* 893 A.2d 735 (Pa.Super.2006); *Commonwealth v. Sierra,* 752 A.2d 910, 913 n. 6 (Pa.Super.2000); *Commonwealth v. Sherdina Williams,* 69 A.3d 735, 740 n. 5 (Pa.Super.2013) (citing *Ferguson* and *Sierra*).

Moreover, as noted in *Sierra,* after the decision in *Gilmore,* the Pennsylvania Supreme Court, in *Commonwealth v. Cottle,* 493 Pa. 377, 426 A.2d 598 (1981) ("*Cottle II*"), granted relief based on discretionary sentencing concerns. In *Cottle II,* the trial court revoked the defendant's probation and re-sentenced him in 1976 based on technical violations of his probation. The court imposed the statutory maximum sentence allowable. On appeal, this Court noted the issues that the defendant raised were: "whether a sentencing judge should be obliged to place upon the record his explanation as to sentencing, or write an opinion thereon; whether the judge in this case abused his discretion in sentencing appellant to confinement when the probation department recommended to the con-

---

**6.** Justice Nix dissented on the grounds that the majority had erroneously expanded the "scope of appellate review in this area."

*Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650, 660 (1976) (Nix, J. dissenting).

trary; and whether the sentence was excessive." *Commonwealth v. Cottle*, 260 Pa.Super. 85, 393 A.2d 1024, 1024–1025 (1978), *reversed by Cottle II, supra.* None of these claims would be considered today to relate to the legality of the defendant's sentence.

The Superior Court affirmed Cottle's sentence on November 4, 1978. On January 1, 1979, 18 Pa.C.S. § 1386(f), now 42 Pa.C.S. § 9781(f), became effective, which precluded the Supreme Court from considering the merits of discretionary sentencing claims already reviewed by the Superior Court. However, it appears that the effective date of January 1, 1979 for 18 Pa.C.S. § 1386(f) applied to defendants who had not yet appealed their sentences. The Supreme Court granted allowance of appeal on March 1, 1979, and reversed. In doing so, the High Court first acknowledged that it had "long maintained that the appellate scope of review of the sentencing decision should be limited to sentences that exceeded the statutorily prescribed limits or sentences which were so manifestly excessive as to constitute a constitutionally impermissible sentence." *Cottle II, supra* at 600. It continued, however, by looking at 18 Pa.C.S. § 1371, now 42 Pa.C.S. § 9771, which limits the discretion of the sentencing court to impose a sentence of total confinement after revocation of probation. The *Cottle II* Court found that the sentencing court's failure to appropriately consider 18 Pa.C.S. § 1371(c) constituted error.

Prior to *Cottle II,* this Court did not consider *Gilmore* as preventing review of a non-illegal sentencing claim. In *Commonwealth v. Steward,* 276 Pa.Super. 64, 419 A.2d 96 (1980), the court reversed a probation of revocation sentence based on a claim that the sentencing court failed to place the reasons for its sentence on the record. As noted, in numerous revocation cases where the issue presented related to a discretionary sentencing claim, we have reviewed and considered whether the defendant raised a substantial question for our consideration.

Even in *Simmons, supra,* where the panel stated the abbreviated scope of review, it nevertheless found that the defendant presented a substantial question for review and determined on the merits that the issue lacked merit. *See Simmons, supra* at 1286 (internal citation omitted) (" 'A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question.' Accordingly, we will review Appellant's claim."); *Id.* at 1287 ("We conclude that the trial court properly considered all of the relevant factors it was required to take into account in rendering the current sentence."); *see also Fish, supra.* Accordingly, *Simmons* does not provide legal support for the position that we cannot consider a discretionary sentencing challenge following revocation of probation since it analyzed and rejected the claim.

We glean further support for the proposition that sentencing review after IPP revocation is not limited to whether the sentence is illegal from Chief Justice Castille's concurring opinion in *Commonwealth v. Foster,* 609 Pa. 502, 17 A.3d 332 (2011) (plurality). Therein, Chief Justice Castille recognized that classifying sentencing claims as either a discretionary sentence issue or legality of sentence claim was unnecessarily constrained. *Id.* at 349–350. He noted that sentencing issues can present legal questions that may not encompass either a discretionary sentencing issue or an illegal sentencing question. *See Commonwealth v. Sarapa,* 13 A.3d 961 (Pa.Super.2011). Such issues should not escape review merely because a defendant's revocation sentence falls within the statutory limits.

Justice Saylor has also indicated that review of discretionary sentencing challenges following revocation of probation is appropriate. In his concurring and dissenting opinion in *Commonwealth v. Wallace,* 582 Pa. 234, 870 A.2d 838 (2005), Justice Saylor cited with approval *Sierra, supra.* Judge, now Justice, Todd, writing for this Court in *Sierra,* relied on *Cottle II, supra,* and reasoned that *Gilmore, supra,* did not preclude review of a discretionary sentencing claim after revocation of probation.

The *Sierra* panel then proceeded to examine whether the defendant presented a substantial question for review. Justice Saylor noted in *Wallace* that this Court was taking appropriate measures to review probation revocation jail sentences based on technical violations of probation by considering such claims as raising a substantial question for review. Certainly, if Justice Saylor believed that this Court's scope of review did not include discretionary sentencing claims, his position in *Wallace* would have been different.

Also instructive is *Commonwealth v. Reaves,* 592 Pa. 134, 923 A.2d 1119 (2007). In *Reaves,* the Supreme Court reversed this Court's determination that counsel was ineffective in failing to preserve a discretionary sentencing challenge after a violation of probation hearing. The underlying issue was that the trial court did not place its reasons for its sentence on the record. The Supreme Court first rejected the defendant's argument that counsel was *per se* ineffective in failing to object. Notably, it did not find counsel *per se* ineffective, or ineffective under the *Strickland/Pierce* test based on counsel's failure to raise the issue, based on the rationale that only the trial court could have corrected the matter because discretionary sentencing claims after revocation proceedings are unappealable.

In addition, in finding that counsel could not be ineffective under the traditional three-prong ineffectiveness test, the *Reaves* Court stated that timely objections "serve an equally important function in **obviating** appeals by affording the trial court a timely opportunity to correct mistakes and/or to reconsider decisions." *Id.* at 1131 (emphasis in original). There would be no need to obviate an appeal if an appeal of the issue was not allowed. Rather, the *Reaves* Court would have opined that an objection must be raised and the trial court given an opportunity to correct its mistake, since no appellate review was possible.

Moreover, if this Court could not review discretionary sentencing issues following a revocation sentencing, Pa.R.Crim.P. 708(D)(3)(a) and Rule 708(E) would be rendered largely unnecessary. Rule 708 governs motions to modify sentencing after revocation proceedings. Rule 708(D)(3)(a) expressly instructs a court that it must notify the defendant of his right to appeal, but it does not limit the ability to appeal to challenges to illegal sentences or the validity of the proceeding. In fact, the comment to Rule 708 states, "[i]n deciding whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived." Rule 708 and its comment, therefore, recognize that defendants may raise discretionary sentencing issues on appeal.

Furthermore, our Supreme Court, in crafting this Commonwealth's appellate rules of procedure, has made no distinction between discretionary sentencing claims generally and those that arise from revocation proceedings. In this regard, Pa. R.A.P. 2116(b) states,

**(b) Discretionary aspects of sentence.** An appellant who challenges the discre-

tionary aspects of a sentence in a criminal matter shall include any questions relating to the discretionary aspects of the sentence imposed (but not the issue whether the appellate court should exercise its discretion to reach such question) in the statement required by Subdivision (a). Failure to comply with this subdivision shall constitute a waiver of all issues relating to the discretionary aspects of sentence.

Concomitantly, Pa.R.A.P. 2119(f), reads,

> **(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

We add that circumscribing our scope of review would also curtail our ability to ensure that trial courts comply with 42 Pa.C.S. § 9721 and 42 Pa.C.S. § 9771, and would change aspects of our standard of review. Section 9721 governs sentencing generally. Section 9721(b) provides broadly,

> **(b) General standards.**—In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for

sentencing, resentencing and parole and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing under sections 2154 (relating to adoption of guidelines for sentencing), 2154.1 (relating to adoption of guidelines for county intermediate punishment), 2154.2 (relating to adoption of guidelines for State intermediate punishment), 2154.3 (relating to adoption of guidelines for fines), 2154.4 (relating to adoption of guidelines for resentencing) and 2154.5 (relating to adoption of guidelines for parole) and made effective under section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties). Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

While parts of § 9721(b) do not govern revocation proceedings, as our sentencing guidelines are not required to be consulted in such instances, *see* 204 Pa.Code. § 303.1(b), other provisions of that section do apply. For example, the sentencing court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the

protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In addition, in all cases where the court "resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Id.*

A sentencing court's failure to follow the pertinent aspects of § 9721(b) do not result in an illegal sentence, but pertain to discretionary sentencing matters. *See Commonwealth v. Downing,* 990 A.2d 788, 794 (Pa.Super.2010); *Commonwealth v. Cappellini,* 456 Pa.Super. 498, 690 A.2d 1220, 1228 (1997) (claim that the court did not provide its reasons for sentencing constituted a discretionary sentencing claim). The provision of § 9721(b) that allows this Court to vacate a sentence based on noncompliance with the statute would be rendered unenforceable if this Court could not review a discretionary sentencing claim after a revocation sentence. Additionally, enforcing 42 Pa.C.S. § 9771 would prove difficult so long as the sentencing court imposed a sentence of incarceration within statutory limits.[7] Under § 9771(c),

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

"[C]hallenges under § 9771(c) are not among the narrow class of issues that implicate the legality of a sentence." *Commonwealth v. Schutzues,* 54 A.3d 86, 98 (Pa.Super.2012); *see also Commonwealth v. Malovich,* 903 A.2d 1247, 1250–51 (Pa.Super.2006); *Ferguson, supra* at 736–38 (Pa.Super.2006); *Commonwealth v. McAfee,* 849 A.2d 270 (Pa.Super.2004). Hence, a trial court's failure to abide by § 9771(c) would escape appellate scrutiny.

Likewise, our abuse of discretion standard of review in revocation sentencing cases requires us to consider whether a sentencing court exhibited prejudice, bias, ill-will or partiality.[8] *Sierra, supra.* If a court displays these signs, it may, nevertheless, impose a sentence that does not exceed the lawful maximum or is not otherwise illegal. *See Sherdina Williams, supra* at 752–753 (Donohue, J. concurring). Moreover, our standard of review includes a determination as to whether the court committed any errors of law. *Commonwealth v. Ahmad,* 961 A.2d 884, 888 (Pa.Super.2008). These errors include disregarding or ignoring applicable statutory provisions, however, such a sentence could still constitute a legal sentence. By limiting "what" we view, *i.e.,* our scope of review,[9] we necessarily would be altering

---

7. We are cognizant that legality of sentence issues encompass broader sentencing claims than just those that exceed the statutory limit. *See Commonwealth v. Jacobs,* 900 A.2d 368 (Pa.Super.2006) (*en banc*).

8. We are aware that these terms are essentially synonyms for one another.

9. Our Supreme Court recently set forth:
   Scope of review "refers to the confines within which an appellate court must con-

how we analyze sentencing issues. Pointedly, our standard of review in revocation proceedings would be *de novo* in most instances because we would be examining questions of law, namely, the legality of the sentence.[10] *See Commonwealth v. Pablo Infante*, 63 A.3d 358, 363 (Pa.Super.2013) (illegal sentencing claims are questions of law). None of the cases relied on by the Commonwealth supports such a far-reaching doctrine. Based upon all of the above considerations, we conclude that review of a discretionary sentencing matter after revocation proceedings is encompassed by the scope of this Court's review.

■■■ Having concluded that our scope of review following the revocation of Appellant's IPP sentence includes discretionary sentencing claims, we nonetheless find that he is not entitled to relief. "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010); 42 Pa.C.S. § 9781(b). Rather, an "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Crump, supra* at 1282. In determining whether a substantial question exists, this Court does not examine the merits of the sentencing claim. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

■■ In addition, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa.Super.2011). Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P.1925(b) concise statement and a Pa.R.A.P. 2119(f) statement. *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super.2012).

While Appellant provides a Pa.R.A.P. 2119(f) statement, he did not raise a discretionary sentencing issue in his post-sentence motion. Instead, he asserted therein that his sentence constituted cruel and unusual punishment. *See Commonwealth v. Howard*, 373 Pa.Super. 246, 540 A.2d 960, 961 (1988) ("the contention that a sentence is unconstitutional as cruel and unusual punishment challenges the legality of the sentence, rather than a discretionary aspect of sentence."). In his 2119(f) statement, Appellant argues that the trial court's sentence is not consistent with the gravity of his violation, the need for public protection, or his needs for rehabilitation. Thus, Appellant is maintaining that the sentencing court did not consider the appropriate sentencing factors delineated in 42 Pa.C.S. § 9721(b), a challenge to the discretionary aspects of his sentence.

Although we find that this argument raises a substantial question, *Commonwealth v. Dodge*, 2013 PA Super 253, 77 A.3d 1263, 1272 n. 8 ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does pres-

---

duct its examination. In other words, it refers to the matters (or 'what') the appellate court is allowed to examine." *Commonwealth v. Selenski*, 606 Pa. 51, 994 A.2d 1083, 1089 n. 6 (2010) (citation and ellipses omitted). In contrast, standard of review is the "degree of deference given by the reviewing court to the decision under re-

view." *Commonwealth v. Ratsamy*, 594 Pa. 176, 934 A.2d 1233, 1235 (2007) (citation omitted).
*In the Interest of L.J.*, —— Pa. ——, 79 A.3d 1073, 1079–80 (2013).

**10.** Some legality of sentence questions could pose mixed questions of law and fact.

ent a substantial question"); *Downing, supra* at 794; *Commonwealth v. Fullin,* 892 A.2d 843, 847 (Pa.Super.2006), his issue is waived for not being preserved in his post-sentence motion or at sentencing. *Kittrell, supra.* Furthermore, we agree with counsel that if the issue was preserved, it is frivolous.

■ At sentencing, the court provided its reasons for Appellant's sentence. It set forth that the IPP sentence was "no longer an effective rehabilitative tool[.]" Sentencing Order, 8/23/12, at 1. The court noted that Appellant continued to engage in criminal behavior while under his IPP sentence. In this respect, it found that Appellant's criminal history while under supervision included serious and, in some cases, violent behavior. It also considered counsel's arguments that Appellant completed multiple prison programs during his Maryland incarceration, had already served eight years for his new crimes, and would remain on parole for seven years. The court listened as Appellant attributed his new crimes to his drug addiction. While recognizing that Appellant served significant jail time in Maryland for his other crimes, it indicated that it would not "give a two-for-one type of deal[.]" N.T., 8/23/12, at 10. The record reveals that the sentencing court properly and adequately considered the factors included in 42 Pa. C.S. § 9721(b).

Judgment of sentence affirmed.