J-S28013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD JOSEPH WALKER, | |
| Appellant | No. 1939 MDA 2014 |

Appeal from the Judgment of Sentence October 15, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003813-1999

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 05, 2015**

Edward Joseph Walker appeals from the October 15, 2014 judgment of sentence of two to four years incarceration, which was imposed following his violation of probation.  We affirm.

The record reveals the following.  Appellant pled guilty to statutory sexual assault, indecent assault, and corruption of minors on February 12, 2001.  On the statutory sexual assault charge, Appellant was sentenced to time served to two years less one day at the Lancaster County Prison and eight years of probation to be served consecutively.  On the remaining charges, the court sentenced Appellant to probation to be served concurrently.

Thereafter, Appellant violated his probation on two occasions by using illegal drugs, but he was paroled immediately.  In September 2005,

Appellant violated his probation when new charges were filed against him and he was sentenced to the unexpired balance of his parole sentence and a consecutive eight years of probation. Following violation of probation in August 2009 for new charges, Appellant was sentenced to two to four years incarceration, followed by four years of probation.

After his release, and while on probation in 2013, Appellant violated his probation on two occasions when he was charged with false identification to law enforcement and disorderly conduct. In January and February 2014, Appellant twice failed to report to the probation office. Appellant appeared on July 17, 2014, for a probation and parole violation hearing and was found in violation. He was sentenced on October 15, 2014, to two to four years incarceration in a state facility.

Appellant filed a timely post-sentence motion in which he alleged that his sentence was excessive because the court did not consider his psychiatric issues and drug abuse problems. The motion was denied and this appeal followed on November 14, 2014. Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of issues complained of, the court penned its Rule 1915(a) opinion, and the matter is now ripe for disposition.

Appellant raises one question for our review:

I.   Was a sentence of two to four years incarceration for a
     probation violation manifestly excessive as to constitute

- 2 -

too severe a punishment and contrary to the fundamental norms underlying the sentencing process?

Appellant's brief at 4.

Appellant's claim relates to the discretionary aspects of his sentence. To adequately preserve such a claim, he must first present the issue at sentencing or in a post-sentence motion. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). He must also "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." *Id*. Even then, there is no absolute right to an appeal when challenging the discretionary aspect of a sentence. An appellant must also raise a substantial question, which is a colorable claim that the sentence was not appropriate under the sentencing code.

Appellant has satisfied the prerequisites to discretionary sentencing review. He timely filed a motion to modify his sentence raising the same issue he argues herein. He filed the within appeal and again raised the issue in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant's brief contains the requisite Pa.R.A.P. 2119(f) statement. He avers therein that in sentencing him to total confinement for a probation violation, the sentencing court failed to consider his need for inpatient rehabilitation and mental health treatment. We have held that such claim presents a substantial question. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa.Super. 2012) (failure to consider, *inter alia*, the rehabilitative

needs of the appellant as required under 42 Pa.C.S. § 9721(b) presents a substantial question).

Hence, we turn now to the merits of Appellant's claim. The sentencing court has broad discretion because we recognize that it is in the "best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Riggs*, 63 A.3d 780, 785 (Pa.Super. 2012) (quoting *Commonwealth v. Andrews*, 720 A.2d 764, 768 (Pa.Super. 1998)). In order to find that a trial court imposed an "unreasonable" sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was "not guided by sound judgment." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

Appellant argues that an aggregate sentence of two to four years incarceration for a probation violation was manifestly excessive and contrary to the fundamental norms underlying the sentencing process. He avers that the sentencing court failed to properly consider his need for mental health treatment and drug rehabilitation in fashioning his sentence. For the reasons that follow, we find no support in the record for Appellant's contentions.

The sentencing court was aware that Appellant had been addicted to drugs since he was seventeen years old and that he suffered from

schizophrenia and bi-polar disorder. N.T. Sentencing, 10/15/14, at 3. Counsel advised the court that his client needed dual diagnosis treatment and was willing to participate in a long-term mental health program and address his substance abuse. *Id*. at 4. According to Appellant, the trial court focused exclusively on his seven prior probation and parole violations and the nature of the underlying offense and did not give these factors proper consideration.

The record belies Appellant's claim. The trial court had the benefit of a pre-sentence investigation and two psychological reports that detailed Appellant's addiction and mental illness. In addition, the court stated on the record that it had received four letters and pictures from Appellant and that it had read everything. *Id*. at 6. Certainly, the court was aware of Appellant's seven or eight probation and parole violations for drug use, failure to report, new offenses, and failure to provide a change of address. The court also noted that Appellant had the ability and skills to work steadily but had no history of consistent employment. *Id*. at 7. However, despite "help from Philhaven, the Lancaster Guidance Center, Family Services, Pathfinders, The Boys and Girls Club, HAS, Ponessa, Lynn Anderson, Brenneman Consulting, Ephrata Community Hospital, Krug Counseling, Sotomayer Counseling, Dr. Dougherty, and Ponessa again," the court noted

that Appellant continued to "thumb his nose at his obligations on Probation and Parole" in order to use drugs. *Id*. at 8.

At the sentencing hearing, the court demonstrated extensive knowledge of Appellant's mental health history and drug use. Regardless, the court found that "incarceration is warranted because a lesser sentence would depreciate the seriousness of his continued violations of his position on either parole or probation." *Id*. at 9-10. The court specifically recommended, however, that Appellant be sent to a state institution with a dual diagnosis program and that he be given all opportunities for educational and vocational programs. *Id*. at 10.

The record indicates that the sentencing court considered all of the relevant sentencing factors in fashioning its sentence. Based on our review, we do not find the sentence excessive or any abuse its discretion in its imposition.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2015

- 6 -