J-S07024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RENEE AUSTERBERRY | : | |
| | : | |
| Appellant | : | No. 1479 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 24, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000377-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RENEE AUSTERBERRY | : | |
| | : | |
| Appellant | : | No. 1480 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 24, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000043-2018

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED MAY 14, 2019**

Renee Austerberry appeals from the judgment of sentence entered on August 24, 2018. She challenges discretionary aspects of her sentence. Because she failed to preserve this issue with the trial court, we affirm.

Austerberry pled guilty to possession of a controlled substance, two counts of possession of drug paraphernalia, retail theft, and false identification

_____

* Retired Senior Judge assigned to the Superior Court.

to law enforcement authorities.[1] At sentencing, defense counsel admitted that Austerberry had a substance abuse problem and requested that "she be sentenced to something where she can be [sic], serve her minimum six months in an inpatient facility as opposed to go to state prison and start the process there." N.T., Sentencing, 8/24/18, at 3-4. The Commonwealth suggested that "a state sentence is appropriate in this case considering it's her [12th] retail theft." *Id.* at 4. The trial court imposed a sentence of "six to [12] months' confinement at a State Correctional Facility, to run concurrently." Trial Court Pa.R.A.P. 1925(a) Opinion (TCO), filed 11/5/18, at 1. Austerberry did not object to the sentence at the sentencing hearing. She also did not file a post-sentence motion. This timely appeal followed.

On appeal, Austerberry raises one issue: "Did the sentencing Judge abuse his discretion in refusing to permit [Austerberry] serve [sic] her sentence in a secure drug rehabilitation facility and instead sentence her to state prison?" Austerberry's Br. at 4. Austerberry's claim challenges the discretionary aspects of her sentence. However, we do not address the merits of her claim because she failed to preserve this claim.

When reviewing a challenge to discretionary sentencing we must first determine whether: 1) the appeal is timely; 2) the issue was preserved; 3) the brief includes a Pa.R.A.P. 2119(f) statement; and 4) the issue raises a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 170

---

[1] 35 P.S. §§ 780-113(a)(16), (32), and 18 Pa.C.S.A. §§ 3929(a)(1), 4914, respectively.

(Pa.Super. 2010). Claims not raised at the sentencing hearing or in a post-sentence motion are waived for appellate review. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (stating failure to raise challenge to discretionary sentencing in post-sentence motion or at sentencing hearing results in waiver of claim). Here, Austerberry waived appellate review of her claim because she did not object to the imposed sentence at the sentencing hearing and did not file a post-sentence motion. Accordingly, we do not address her claim and affirm the judgment of sentence. *See Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa.Super. 2015) (rejecting review of claim challenging discretionary sentence where issue was not preserved at sentencing or in a post-sentence motion).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/14/2019