J-S05033-21; J-S05034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOVAN TOUSSAINT :
:
Appellant : No. 1435 EDA 2020

Appeal from the Judgment of Sentence Entered July 10, 2020
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000254-2019


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOVAN TOUSSAINT :
:
Appellant : No. 1436 EDA 2020

Appeal from the Judgment of Sentence Entered July 10, 2020
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000351-2019


BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JUNE 8, 2021**

Jovan Toussaint appeals from the judgment of sentence entered

following his guilty plea to Robbery, Receiving Stolen Property, Firearms Not

To Be Carried Without a License, and the summary offense of Unauthorized

Transfer or Use of Registration.[1] Because Toussaint did not file a post-sentence motion, he waived his challenges to the discretionary aspects of his sentence. We therefore affirm the judgment of sentence.

In December 2019, Toussaint pled guilty to the above-referenced offenses. In July 2020, the trial court imposed an aggregate sentence of 78 months to 15 years' incarceration and a fine. Toussaint did not file a post-sentence motion. He filed this timely appeal.

Toussaint's brief presents two questions:

> I. Whether the Court erred as a matter of law and abused its discretion in sentencing [Toussaint], wherein the Court's statement of reasons does not comport in quality, length, and content with that envisioned by the crafters of the Sentencing Code?
>
> II. Whether the Court erred as a matter of law and abused its discretion in sentencing [Toussaint], as the Court failed to consider [Toussaint's] prior record, age, personal characteristics, and potential for rehabilitation?

Toussaint's Br. at 13.

Toussaint argues that the court abused its discretion by not providing a sufficient statement of reasons for the sentence, by not considering evidence of his character presented at the sentencing hearing, and by failing to consider the general standards applicable to sentencing.

Both of Toussaint's issues are challenges to the discretionary aspects of his sentence. There is no absolute right to appeal the discretionary aspects of

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3925(a), 6106(a)(1), and 75 Pa.C.S.A. § 1372(3), respectively.

a sentence. ***Commonwealth v. Cartrette*** 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Rather, we follow a four-part analysis before addressing a challenge to discretionary aspects of sentence. We must determine whether the appellant: (1) filed a timely notice of appeal; (2) properly preserved the sentencing issue at sentencing or in a motion to reconsider or modify sentence; (3) included in the appellate brief a Pa.R.A.P. 2119(f) statement; and (4) has asserted a substantial question that the sentence is not appropriate under the Sentencing Code. ***See Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013); 42 Pa.C.S.A. § 9781(b). Failure to raise an objection to the discretionary aspects of a sentence at the sentencing hearing or in a post-sentence motion results in waiver of the issue. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010).

Here, Toussaint did not raise his challenges to the discretionary aspects of his sentence at the sentencing hearing or in a post-sentence motion. He therefore waived them. ***See id.*** at 170.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/08/2021