J-S53031-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NEIL RANDELL HARRIS, | : | |
| | : | |
| Appellant | : | No. 274 WDA 2014 |

Appeal from the Judgment of Sentence March 12, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0016484-2002

BEFORE:  DONOHUE, OLSON and PLATT*, JJ.

CONCURRING STATEMENT BY DONOHUE, J.:     **FILED OCTOBER 17, 2014**

I concur in the Majority's disposition but write separately only to point out that its statement of our scope of review[1] for appeals from judgments of sentence imposed following the revocation of probation is incorrect.

Relying on the 2012 case of ***Commonwealth v. Simmons***, 56 A.3d 1280 (Pa. Super. 2012), the Majority states that "our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives it had at the time of the initial sentencing."  Maj. Mem. at 5

---

[1] The Majority erroneously refers to this as the standard of review. ***See Holt v. 2011 Legislative Reapportionment Comm'n***, 38 A.3d 711, 728 (Pa. 2012) (explaining that the "scope of review refers to the confines within which an appellate court must conduct its examination, *i.e.*, the 'what' that the appellate court is permitted to examine, while the '[s]tandard of review addresses the manner by which that examination is conducted, the degree of scrutiny to be applied by the appellate court.'").

*Retired Senior Judge assigned to the Superior Court.

(quoting **Simmons**, 56 A.3d at 1286). In 2013, an *en banc* panel of this Court "unequivocally h[e]ld that this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

Although the scope of review as noted by the Majority does not impact the outcome of this case, our scope of review is not limited to two discrete inquiries. It is at best confusing to perpetuate an incorrect statement of the law by including it in the disposition of this, or any, appeal.

Olson, J. joins this Concurring Statement.