J-S63011-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRADLEY MOLCHANY, | : | |
| | : | |
| Appellant | : | No. 72 EDA 2015 |

Appeal from the Judgment of Sentence November 13, 2014,
Court of Common Pleas, Lehigh County,
Criminal Division at No. CP-39-CR-0000957-2006

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:               **FILED NOVEMBER 05, 2015**

Appellant, Bradley Molchany ("Molchany"), appeals from the judgment of sentence entered on November 13, 2014 by the Court of Common Pleas of Lehigh County, Criminal Division, following the revocation of his probation.  We affirm.

On April 30, 2007, Molchany pled nolo contendere to aggravated assault and indecent assault.[1]  At the time of Molchany's plea, the Commonwealth summarized the facts underlying the case as follows:

> Your Honor, if the victim, [H.S.], were here, she would testify that in June of 2000, she was twelve years old and she was left in the care of [Molchany] when her mother went on a two[-] week vacation to Florida.  [Molchany] resided at that time at 6714 Lower Macungie Road, Apartment D-4, in Lower Macungie Township, Lehigh County.  She indicated that during this two[-]week period, she was sexually

---

[1]  18 Pa.C.S.A. §§ 2702(a)(1), 3126(a)(7).

assaulted by [Molchany] several times. She stated that during the first incident, [Molchany] forced her into a bedroom at knife point, he forced her to remove her clothing, tied her hands to her neck, taped her mouth with duct tape and the way her hands were tied, any time she tried to move, she would end up choking herself. She said – she indicated she did have trouble breathing. During the assault, after he duct taped her and -- and tied her up, he -- she indicated that he had sexual intercourse with her. During this assault, [Molchany] told [H.S.] that he would kill her if she screamed or told anybody about this incident. She indicated that the following night, [Molchany] was intoxicated, told her to go into the bedroom, she refused to go, he picked her up, dragged her into the bedroom, removed her clothing, again tied her hands to her neck with a cord where when she moved her hands, she would end up choking herself, taped her mouth with duct tape and again had intercourse with her. [H.S.] indicated that [Molchany] threatened to kill her if she told anybody this incident. On August 25[,] 2005, [Molchany] was interviewed by State Police at State Police headquarters. He was advised of his ***Miranda*** [w]arnings, he agreed to speak [to] the police and he provided a statement indicating that he had sexual intercourse with [H.S.] when she was twelve years old.

N.T., 4/30/07, at 24-27.

Following Molchany's plea,

[o]n August 8, 2007, a [p]resentence [i]nvestigation [r]eport was completed by the Lehigh County Department of Probation and Parole. On January 25, 2008, a hearing was held before the [c]ourt to determine [Molchany]'s [s]exually [v]iolent [p]redator (hereinafter "SVP") status. At the conclusion of the hearing, the [c]ourt found [Molchany] to be a SVP.

On January 28, 2008, [Molchany] was sentenced in the aggregate to undergo imprisonment for no less than three years nor more than six years in a [s]tate [c]orrectional [i]nstitution, to be followed by a period of four years of probation under the Pennsylvania Board of Probation & Parole.

On October 17, 2014, a [p]robation and [p]arole [i]ntermediate [p]unishment [v]iolation [w]arrant was filed, alleging that [Molchany] failed to obey imposed conditions of his probation, specifically that he failed to successfully complete sex offender treatment. The warrant was issued on October 20, 2014.

On November 13, 2014, a ***Gagnon*** II [h]earing was held before this [c]ourt. At the [h]earing, [Molchany] conceded the allegations of the [p]etition. The [c]ourt revoked [Molchany]'s probation supervision and resentenced him to a period of incarceration of not less than three years nor more than six years in a state correctional institution, to be followed by eight years of probation supervision.

On December 2, 2014, [Molchany] filed a pro se [n]otice of [a]ppeal. The [c]ourt appointed the Office of the Public Defender to represent [Molchany] for the purpose of [a]ppeal. Counsel filed a [timely] [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal on January 14, 2015.

Trial Ct. Op., 1/26/15, at 2-3.

On appeal, Molchany raises the following issue for our review:

Was the sentence imposed by the lower court manifestly excessive or otherwise unjustified based upon the lack of any proportional punishment based upon the nature of [Molchany]'s probation violation and need for rehabilitation as well as the court's perceived dislike of Molchany?

Molchany's Brief at 8.

Molchany argues that the trial court abused its discretion in sentencing him following his revocation of probation because it did not sentence him in accordance with the mandates of section 9721(b)[2] of the Sentencing Code. Molchany contends that his sentence of three to six years of incarceration was manifestly excessive, disproportionate to the technical nature of his probation violation, and influenced by the trial court's personal dislike of him. *See id.* at 13-20. Molchany further asserts that his sentence was manifestly excessive because he was compliant in all other respects with his probation. *Id.* at 19. These arguments challenge the discretionary aspects of Molchany's sentence. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1040-41 (Pa. Super. 2013) (en banc) (holding that a claim that a trial court did not sentence a defendant following the revocation of probation pursuant to section 9721(b) of the Sentencing Code raised a challenge to the discretionary aspects of sentencing).

_____

[2] Section 9721(b) states, in pertinent part, as follows:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

- 4 -

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether,

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Here, Molchany failed to preserve his discretionary aspects of sentencing claim by raising it at sentencing or in a post-sentence motion. Accordingly, Molchany has failed to preserve his discretionary aspects of

sentencing claim for review. *See Baker*, 72 A.3d at 662; *Cartrette*, 83 A.3d at 1042 ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."). As this is the only issue Molchany has raised on appeal, he is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2015