J-S54022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HOWARD CHARLES MOONEY | |
| Appellant | No. 1814 WDA 2015 |

Appeal from the Judgment of Sentence November 9, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000880-2012

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                           **FILED JULY 26, 2016**

Howard Charles Mooney appeals the judgment of sentence imposed on November 9, 2015, in the Erie County Court of Common Pleas, following the revocation of his probation for failure to comply with registration requirements.[1]  The trial court sentenced Mooney to a term of three to six years' imprisonment.  On appeal, Mooney contends the Commonwealth failed to present sufficient evidence that he violated the terms of his probation.  For the reasons below, we affirm.

The facts and procedural history underlying this appeal are as follows. On February 16, 2012, Mooney, a registered sexual offender, was charged

_____

[1] 18 Pa.C.S. § 4915(a)(2).  We note that Section 4915 expired on December 20, 2012, and was replaced by Section 4915.1.  **See** 2012, July 5, P.L. 880, No. 91, § 1, effective Dec. 20, 2012.  Because Mooney was originally sentenced on August 29, 2012, the prior statute applies.

with failure to comply with registration requirements when it was discovered he was no longer living at his registered address. On July 6, 2012, he entered a guilty plea to one count of failure to comply with registration requirements, in exchange for which the Commonwealth agreed to grade the crime as a third-degree felony. Mooney was sentenced on August 29, 2012, to a term of six to 12 months' imprisonment, followed by 36 months' probation.[2] He was paroled three days later on September 2, 2012.

While serving his probationary sentence, Mooney violated the conditions of his supervison. On November 9, 2015, the trial court conducted a probation revocation hearing, based on allegations that Mooney (1) failed to prove a truthful and complete report to his probation officer, (2) failed to successfully complete the Integrated Adult Sexual Offenders Program ("IASOP"), and (3) had contact with minors without permission. The trial court summarized the testimony presented at the revocation hearing as follows:

> [A]n affiliate of the [IASOP] testified she had contact with [Mooney] weekly since October, 2012 for group therapy sessions as part of his sex offender treatment. The program also required [Mooney] to submit a written request for permission from the treatment team and the probation office before having any contact with children.

---

[2] This sentence fell below the mitigated range of the sentencing guidelines. *See* Guideline Sentence Form, 8/30/2012 (standard range was 27-40 months, mitigated range was 21 months). Additionally, Mooney was given 181 days credit for time served.

During a group therapy session in the presence of his therapist, [Mooney] divulged that "his roommate had a boyfriend who had a son, and that he was having contact with the son." This contact was ongoing for at least three to four years. [Mooney] was advised he needed to submit a written request to have contact with the boy in order to develop a safety plan before contact would be approved. [Mooney] never submitted that request. Later, the treatment team became aware [Mooney] also had contact with other children and had not submitted any kind of written request for this contact. In neither situation did [Mooney] attempt to remove himself from the situation, as he was required to do under the terms of his probation contract.

The treatment team confronted [Mooney] about this contact. During this meeting, [Mooney] was accompanied by his roommate and her boyfriend. All were unaware of the nature and extent of [Mooney's] prior criminal record and that [Mooney] had not received approval to be around the children. The worker testified failure to inform "persons significantly involved" in [Mooney's] life that he was a "sex offender…" violated a condition of his treatment with the sex offender program. Based on this and his unapproved contact with minors, [Mooney] was terminated from the program.

Trial Court Opinion, 1/4/2016, at 2-3 (record citations omitted).

At the conclusion of the hearing, the court revoked Mooney's probation, and sentenced him to a term of three to six years' incarceration. Mooney filed a motion for reconsideration, which the trial court denied. This timely appeal followed.[3]

Mooney's sole claim on appeal challenges the sufficiency of the evidence supporting the revocation of his probation. In an appeal from a

_____

[3] On November 17, 2015, the trial court ordered Mooney to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mooney complied with the court's directive, and filed a concise statement on November 30, 2015.

probation revocation sentence, our review is limited to a consideration of the validity of the revocation proceedings, and the legality and discretionary aspects of the sentence imposed following revocation. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1033-1034 (Pa. Super. 2013) (*en banc*).

> The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [the] probationer from future antisocial conduct.

***Commonwealth v. A.R.***, 990 A.2d 1, 4 (Pa. Super. 2010), *aff'd*, 80 A.3d 1180 (Pa. 2013).

Mooney argues the trial court abused its discretion in concluding the Commonwealth provided sufficient evidence that he violated the terms of his probation. Specifically, he challenges the court's finding that he failed to inform "significant people in [his] life," namely, his roommate and her boyfriend, that he is "a sex offender, and/or a person that has committed a crime of sexual nature and/or a person at risk of committing a sexual offense." Mooney's Brief at 6. ***See also*** IASOP Treatment Contract and Informed Consent, 10/24/2012, Program Rules and Expectations at ¶ 18. Mooney contends the court based this violation solely on the testimony of his IASOP therapist, Margaret Scepura. However, he asserts (1) Scepura had no personal knowledge of what he told his roommate and her boyfriend, and (2) he did, in fact, inform them that he was a sexual offender, although he did not provide details of his convictions. ***See id.*** at 6-7. He further claims

- 4 -

"nowhere in the contract is it specified that [he] go into any further detail regarding the specifics of [his] offense outside of informing people he is a sex offender." *Id.* at 6-7. Mooney also argues the court abused its discretion in finding he had contact with minors without permission. *Id.* at 7. *See also* IASOP Treatment Contract and Informed Consent, 10/24/2012, Program Rules and Expectations at ¶ 2. Rather, he asserts the testimony demonstrated he had permission to interact with his roommate's granddaughter, and the Commonwealth provided no testimony "from anyone with firsthand knowledge" of the purported contact he had with the son of his roommate's boyfriend and the son's friend. *Id.*

The trial court provided the following rationale for its determination that Mooney violated the terms of his probation supervision:

> [Mooney's] singular admission to violating Condition 11, which required [him] to complete any treatment program required by probation, coupled with testimony presented by the IASOP worker demonstrate the Commonwealth met their burden of proving by a preponderance of the evidence [Mooney] violated a condition of his probation. Revocation was therefore proper.
>
> The strongest evidence in support of revocation is [Mooney's] admission he had contact with a minor. There is also no question he did so without first obtaining permission as he was required to do under the terms of his treatment contract for the [IASOP]. After learning this, [Mooney] received an opportunity to submit a request for permission to have contact with at least one of the minors. However, he failed to submit a request and was ultimately terminated from the program because of his unwillingness to address the situation. The termination, in turn, triggered a violation of the condition requiring him to successfully complete all programs, and, ultimately, laid the basis for his revocation.

Defense counsel's argument [that] violation of the conditions was based solely on inadmissible hearsay, and ought not to be considered is contradicted by the record. The worker based the decision to terminate [Mooney] from the program because of his admissions. It was the admissions by [Mooney] that were his downfall and not any out of court statement from a third party.

Trial Court Opinion, 1/4/2016, at 4-5.

Our review of the transcript from the revocation hearing supports the findings of the trial court. The only witness at the hearing was Mooney's IASOP therapist, Margaret Scepura. Scepura testified that: (1) Mooney admitted during a group therapy session he was having contact with the son of his roommate's boyfriend (N.T., 11/9/2015, at 9); (2) despite being given the opportunity to submit written approval for this contact, Mooney failed to do so (*id.* at 14); (3) although Mooney did have approval for supervised contact with his roommate's granddaughter, his contact exceeded what was approved, in that he had physical contact with her by holding her and putting her on his lap (*id.* at 15); (4) after meeting with Mooney, his roommate, and her boyfriend, it was clear both his roommate and her boyfriend were unaware of the nature and extent of Mooney's criminal record, as well as the fact he was not "approved to be around the boy and his friends." *Id.* at 10. Based on all of the above, the treatment team concluded Mooney had been "dishonest" concerning his contact with minors, and failed to reveal the extent of his prior offenses to his roommate and her boyfriend. *Id.* at 11. Therefore, Scepura testified, "we decided that [Mooney] wasn't adequately engaged in the treatment process despite our

intervention[,]" and he was terminated from the program. ***Id.*** His termination from the program was also a violation of the special conditions of his supervision. ***See*** Special Conditions of Supervision, 8/31/2012 ("Successfully complete all programs deemed appropriate").

Accordingly, contrary to Mooney's contention, the trial court did not rely on hearsay testimony in determining the Commonwealth proved, by a preponderance of the evidence, that Mooney violated the terms of his probation. Rather, the court's decision was based upon the firsthand knowledge of Mooney's IASOP therapist, as well as his own admissions. Accordingly, no relief is warranted.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2016