J-S64041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL G. MEAD | : | |
| | : | |
| Appellant | : | No. 2088 MDA 2016 |

Appeal from the Judgment of Sentence October 27, 2016
In the Court of Common Pleas of Susquehanna County Criminal Division at
No(s): CP-58-CR-0000152-2011

BEFORE:   PANELLA, J., SHOGAN, J., and FITZGERALD, [*] J.

MEMORANDUM BY FITZGERALD, J.:          **FILED OCTOBER 17, 2017**

Appellant, Michael G. Mead, appeals *pro se* from his judgment of sentence of eight to eighteen years' imprisonment for rape,[1] involuntary deviate sexual intercourse ("IDSI")[2] and aggravated indecent assault[3] imposed after the trial court granted partial relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant argues that the trial court erred in calculating his prior record score as two at the time of sentencing.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(a)(1).

[2] 18 Pa.C.S. § 3123(a)(1).

[3] 18 Pa.C.S. § 3125(a)(1).

On April 4, 2012, a jury found Appellant guilty of the foregoing offenses. On September 12, 2012, the trial court sentenced Appellant to an aggregate term of fifteen to thirty years' imprisonment. On June 24, 2014, this Court affirmed on direct appeal. ***Commonwealth v. Mead***, 600 MDA 2013 (Pa. Super. filed June 24, 2014) (unpublished memorandum).

Appellant filed a timely PCRA petition and a counseled amended PCRA petition claiming, *inter alia*, that his sentences were illegal under ***Alleyne v. United States****,* 133 S.Ct. 2151 (2013). At a hearing on October 21, 2016, the PCRA court agreed that Appellant's sentences were illegal and ordered resentencing. Appellant's attorney advised that Appellant was withdrawing all other claims in his amended PCRA petition, including claims of actual innocence and ineffective assistance of counsel. N.T., 10/21/16, at 6.

During resentencing on October 27, 2016, the Commonwealth argued the following with regard to Appellant's new sentence:

> It's the position of the Commonwealth that the original sentence, while deemed illegal in light of ***Alleyne***, that original sentence of [fifteen] to [thirty] years is, and continues to be, an appropriate sentence. There are three counts that the [c]ourt is going to sentence on today, **the IDSI, which carries a standard range of [sixty] to [seventy-eight] months; the aggravated sexual assault, which carries a standard range of [thirty-six] to [forty-eight] months; and the rape charge, which also carries a standard range of [sixty] to [seventy-eight] months.**[4] **I believe prior discussions I've had with defense counsel we're in**

---

[4] These standard ranges apply to individuals with a prior record score of two. ***See*** 204 Pa. Code § 303.16(a).

> **agreement that those are the appropriate guideline ranges based on the offense gravity score and the prior record score involved in this matter**. That gives us an aggregate range, Your Honor, of 156 to 204 months, meaning [thirteen] to [seventeen] years . . . as a standard range . . . . So it's the Commonwealth's position that if it maintains its sentence, with a consecutive sentence of [fifteen] to [thirty] years, that fits in the middle of the standard range and remains appropriate.

N.T., 10/27/16, at 9-10 (emphasis added). Appellant did not object to the Commonwealth's recitation of the standard range minimum sentences.

The trial court resentenced Appellant to an aggregate term of eight to eighteen years' imprisonment.[5] Appellant did not file post-sentence motions. On November 21, 2016, Appellant mailed a timely *pro se* notice of appeal to the trial court. Without ordering Appellant to file a Pa.R.A.P. 1925(b) statement, the trial court issued a short statement in lieu of opinion.

On February 14, 2017, Appellant filed a motion in this Court for leave to proceed *pro se* in his direct appeal. On February 27, 2017, we ordered the trial court to hold a hearing as to whether Appellant knowingly, voluntarily and intelligently waived his right to counsel. On March 16, 2017, the trial court held a hearing and determined that Appellant made a

---

[5] The court imposed a sentence of eight to eighteen years' imprisonment for IDSI, a concurrent sentence of eight to eighteen years' imprisonment for rape and a concurrent sentence of five to ten years' imprisonment for aggravated indecent assault.

knowing, intelligent and voluntary waiver of his right to counsel. Subsequently, Appellant has represented himself in this appeal.

Appellant raises two issues in this appeal:

> 1. Whether the Court abused [its] discretion or erred as a matter of law by accepting and utilizing a prior record score of [two] at . . . resentencing when [Appellant's] prior record score was more properly a zero?
>
> 2. Whether the Court abused [its] discretion or erred as a matter of law by granting sentencing relief without a hearing on the remaining issues of PCRA merit?

Appellant's Brief at 4.

Appellant first asserts that the trial court incorrectly computed his prior record score as two instead of zero. Appellant has waived this argument.

A claim that the court applied an incorrect prior record score implicates the discretionary aspects of sentencing. **See Commonwealth v. Spenny**, 128 A.3d 234, 241 (Pa. Super. 2015). "[S]uch challenges are not subject to our review as a matter of right." **Id.** Instead,

> [a]n appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence, by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a statement pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) statement") in his brief on appeal, and (4) raising a substantial question for our review.

**Id.** (citation and internal quotations omitted).

Here, Appellant failed to raise any objection to his prior record score in the trial court. He did not object to the Commonwealth's calculation of the standard guideline ranges for each offense, which were based on a prior

- 4 -

record score of two. Indeed, the Commonwealth stated, without objection, that Appellant's attorney was "in agreement that [these] are the appropriate guideline ranges based on the offense gravity score and the prior record score involved in this matter." N.T., 10/27/16, at 10. Moreover, Appellant failed to file post-sentence motions. Consequently, he waived this issue. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (absent timely post-sentence motion or claim raised during sentencing, objection to discretionary aspect of sentence is waived).

In his second argument, Appellant contends that the trial court erred by failing to hold a hearing at sentencing "on the remaining issues of PCRA merit." Appellant's Brief at 14. Because Appellant's brief fails to specify what these issues are, this argument is waived. *See* Pa.R.A.P. 2119; *Commonwealth v. Rhoades*, 54 A.3d 908, 915 (Pa. Super. 2012) (appellant's failure to develop argument in brief constitutes waiver). Moreover, during the PCRA hearing in which the trial court ordered resentencing, Appellant agreed to withdraw all other claims in his amended PCRA petition. N.T., 10/21/16, at 6. Thus, once again, he has waived the right to litigate any other issues in his amended PCRA petition.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017