J-S07042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NATHANIEL WILL STRASSER :
:
Appellant : No. 1288 MDA 2018

Appeal from the Judgment of Sentence Entered July 12, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004846-2017

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED MARCH 06, 2019**

Nathaniel Will Strasser (Strasser) appeals from the judgment of

sentence imposed by the Court of Common Pleas of Dauphin County (trial

court) after he entered an open guilty plea to six counts of robbery and one

count each of firearms not to be carried without a license and fleeing or

attempting to elude a police officer.[1] Strasser challenges the discretionary

aspects of his sentence. After review, we affirm.

We take the following from our independent review of the certified

record. On August 24, 2017, police arrested Strasser for his armed robberies

of six different convenience stores, committed over two days. Strasser

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii) and 6106(a)(1), and 75 Pa.C.S. § 3733,
respectively. The Commonwealth withdrew five counts of carrying a firearm
without a license pursuant to the guilty plea's terms.

_____

* Retired Senior Judge assigned to the Superior Court.

entered an open guilty plea and the court deferred sentencing for the preparation of a Pre-Sentence Investigation report (PSI).

At the July 12, 2018 sentencing hearing, the court acknowledged that Strasser committed the armed robberies because he was "desperate for money to help out [his] sick child[.]" (N.T. Sentencing, 7/12/18, at 9). It considered Strasser's criminal history, *i.e.*, his arrest in Adams County for another armed robbery, and the "grossly reckless" and "highly dangerous" armed robberies in this case in which Strasser wielded a loaded firearm. (***Id.*** at 9; ***see id.*** at 4, 8). Additionally, the court heard argument from counsel and Strasser's statement and read letters from his wife and neighbor. (***See id.*** at 2-7). It then sentenced Strasser to an aggregate term of imprisonment of not less than six nor more than twelve years[2] to be served consecutively to the sentence Strasser was then-serving for the Adams County robbery. Strasser's timely post-sentence motions were denied. He appealed and he and the trial court complied with Rule 1925. ***See*** Pa.R.A.P. 1925.

---

[2] Specifically, the trial court sentenced Strasser to concurrent terms of not less than four nor more than eight years' imprisonment on each of the robbery counts, followed by a consecutive term of imprisonment of not less than two nor more than four years for the firearms violation. A term of not less than one nor more than two years' imprisonment for fleeing or eluding a police officer runs concurrently to the firearms sentence.

On appeal, Strasser contends that although his individual sentences are within the sentencing guidelines,[3] the court failed to consider all relevant sentencing factors before imposing an unreasonable and manifestly excessive aggregate sentence.[4]  (**See** Strasser's Brief, at 9-14).  Strasser's claim lacks merit.[5]

> When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721(b). As we have stated, [a] court is required to consider the particular circumstances of the offense and the character of the defendant.

---

[3] Strasser's statement of questions presented erroneously characterizes his individual sentences as being outside the sentencing guidelines.  (**See** Strasser's Brief, at 6).  However, this appears to be a typographical error because, in the argument section of his brief, he properly identifies them as being within the sentencing guidelines.  (**See id.** at 9, 13; **see also** Trial Court Opinion, 9/10/18, 3 n.4).

[4] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion."  **Commonwealth v. Edwards**, 194 A.3d 625, 637 (Pa. Super. 2018) (citation omitted).  "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2014) (citations and internal quotation marks omitted).

[5] A challenge to the discretionary aspects of sentence must be considered a petition for permission to appeal, requiring an appellant to timely appeal, preserve his issue at sentencing or in a post-sentence motion, and include a Rule 2119(f) concise statement of reasons relied on for appeal in his brief, raising what this Court determines to be a substantial question.  **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013); Pa.R.A.P. 2119(f).  Strasser has met the first three prerequisites, and we determine that he has raised a substantial question, thus permitting us to review the merits of his claim.  **See id.** (claim that trial court failed to consider all sentencing factors raises substantial question).

In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation.

**Edwards**, **supra** at 637 (case citations and most quotation marks omitted).

"Our Supreme Court has determined that where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Id.** at 637-38 (citation omitted).

Here, the trial court explained:

> In fashioning an appropriate sentence, [it] took into consideration [Strasser]'s criminal history including another robbery out of Adams County. Th[e] [c]ourt also reviewed the [PSI] and took into account the [] sentencing guidelines. As noted at the time of sentencing, [Strasser] committed six separate armed robberies with six different victims at six different convenience stores. Additionally, the gun that was recovered had a bullet in the chamber. This could have very well turned into a tragic event. [Strasser] had no regard for the safety of others. When th[e] [c]ourt fashioned a sentence[], [it] took into account the protection of the public, the rehabilitative needs of [Strasser], and the gravity of the particular offense(s) as it relates to the impact on the life of the victim(s) and the community. . . .

(Trial Ct. Op., at 3) (footnote omitted).

In addition to the above, at the sentencing hearing, the court acknowledged Strasser's circumstances and that, although he needed money for his sick child, he "went about it the wrong way." (N.T. Sentencing, at 9). Additionally, the court considered argument from counsel, Strasser's statement, and letters from his wife and neighbor. Further, although it imposed Strasser's aggregate sentence to run consecutively to the one he was

- 4 -

then serving in Adams County, the majority of his individual sentences in this case were concurrent to each other. Finally, the court had the benefit of a PSI, and we must presume that it was aware of all relevant information concerning Strasser's character, and that "its discretion should not be disturbed." ***Edwards***, ***supra*** at 638 (citation omitted); ***see id.*** at 637.

Based on all of the foregoing, we conclude that the trial court did not abuse its discretion in sentencing Strasser and that his issue lacks merit. We affirm his judgment of sentence. ***See Edwards***, ***supra*** at 637; ***see also Prisk***, ***supra*** at 533 (affirming judgment of sentence of 633 to 1,500 years' imprisonment for conviction on 314 counts because appellant not entitled to "volume discount" for crimes.) (citation omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/2019

- 5 -