J-A10026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM JACKSON | : | |
| | : | |
| Appellant | : | No. 1910 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002468-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM JACKSON | : | |
| | : | |
| Appellant | : | No. 1913 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002469-2018

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

JUDGMENT ORDER BY OLSON, J.: **FILED JULY 27, 2021**

Appellant, William Jackson, appeals from the judgment of sentence entered on May 28, 2019. We affirm.

On February 25, 2019, Appellant entered an open guilty plea to rape of a child, indecent assault, and two counts each of unlawful contact with a minor

---

[*] Retired Senior Judge assigned to the Superior Court.

and endangering the welfare of children.[1]  On May 28, 2019, the trial court sentenced Appellant to serve an aggregate term of 17 to 44 years in prison for his convictions.  N.T. Sentencing, 5/28/19, at 29-30.

Appellant did not file a post-sentence motion.  However, Appellant filed timely notices of appeal.  He now raises the following claim to this Court:

> Was the [trial] court's aggregate sentence of 17 to 44 [years'] imprisonment manifestly excessive in that the sentencing court abused its discretion by failing to give adequate weight to [Appellant's] lack of prior record, history of mental illness, and history of physical and sexual abuse as a child?

Appellant's Brief at 3.

Appellant's discretionary aspects of sentencing claim is waived, as Appellant did not raise his claim at sentencing or in a post-sentence motion. **See** Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

Judgment of sentence affirmed.  Jurisdiction relinquished.

---

[1]  18 Pa.C.S.A. §§ 3121(c), 3126(a)(8), 6318(a)(1), and 4304(a), respectively.

- 2 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2021