J-A06027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMON STREET | : | |
| | : | |
| Appellant | : | No. 1038 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 30, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011095-2009

BEFORE: MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: July 18, 2022**

Lamon Street ("Street") appeals from the judgment of sentence imposed following his convictions for first-degree murder, criminal homicide of an unborn child, and related offenses.[1] We affirm.

The relevant factual and procedural history underlying this appeal is extensive, but essential to an understanding of the issues presented. In 2009, a group of individuals associated with a gang assembled in front of a residence in Pittsburgh. Street, who was associated with a rival gang, fired thirteen shots at the group, one of which killed Shavaughn Wallace, an eighteen-year-old pregnant woman, and her unborn child. At the time of the homicides,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2502(a), 2603(a), 6106(a)(1), 2705.

Street was a juvenile (seventeen years, eleven months, and three days old).[2]

Following a non-jury trial, the trial court convicted Street of first-degree murder, criminal homicide of an unborn child, firearms not to be carried without a license, and recklessly endangering another person. In February 2012, the sentencing court imposed a mandatory term of life in prison without the possibility of parole ("LWOP") for first-degree murder, with no further penalty for the remaining convictions.[3] Street appealed his judgment of sentence.

While Street's direct appeal was pending, the United States Supreme Court decided **Miller v. Alabama**, 567 U.S. 460 (2012), wherein it held that statutory schemes such as Pennsylvania's, which imposed mandatory LWOP for certain homicide convictions, constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution when applied to juvenile homicide offenders. **Id**. at 470. In so ruling, the High Court reaffirmed the principle that children are constitutionally different from adults for purposes of sentencing because they have diminished culpability

_____

[2] For more detailed description of the facts surrounding the shooting, **see Commonwealth v. Street**, 69 A.3d 628, 630-31 (Pa. Super. 2013).

[3] At the time of Street's initial sentencing, Pennsylvania law mandated a LWOP sentence for a juvenile convicted of first-degree murder or first-degree murder of an unborn child. **See** 18 Pa.C.S.A. § 1102(a)(1) (superseded as applied to juveniles by 18 Pa.C.S.A. § 1102.1). The procedures for sentencing an individual under section 1102 are set forth in 42 Pa.C.S.A. § 9711 (sentencing procedures for murder of the first degree).

- 2 -

and greater prospects for reform. *Id*. at 471. Thus, pursuant to *Miller*, for a LWOP sentence imposed on a juvenile homicide offender to pass federal constitutional muster, the sentencing court must have the discretion to consider certain factors bearing upon the juvenile's "youth and attendant characteristics" before deciding whether to impose a LWOP sentence.[4] *Id*. at 477-78.[5]

Following *Miller*, the Pennsylvania Supreme Court decided *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013) ("*Batts I*"), wherein it ruled that, pursuant to *Miller*, the appropriate appellate remedy for the unconstitutional imposition of a mandatory LWOP sentence upon a juvenile homicide offender is to vacate the sentence and remand for the sentencing court to consider the juvenile's youth and attendant characteristics pursuant

---

[4] Pennsylvania's General Assembly responded to *Miller* by enacting a new sentencing statute for juveniles. *See* 18 Pa.C.S.A. § 1102.1. Section 1102.1 provides that an individual convicted of first-degree murder or first-degree murder of an unborn child after June 24, 2012, who was under the age of 18 but over the age of 15 at the time of the offense, "shall be sentenced to a term of [LWOP], or a term of imprisonment, the minimum of which shall be at least 35 years to life." 18 Pa.C.S.A. § 1102.1(a)(1). Section 1102.1(d) requires the sentencing court to consider numerous age-related characteristics of the juvenile offender, and to make findings on the record regarding those factors when determining whether to impose a sentence of LWOP. *See* 18 Pa.C.S.A. § 1102.1(d)(7)(i-vii). As Street was convicted prior to June 24, 2012, his sentencing was subject to the statutory framework set forth in section 1102 rather than section 1102.1.

[5] In *Montgomery v. Louisiana*, 577 U.S. 190 (2016), the United States Supreme Court ruled that its holding in *Miller* announced a substantive rule of law which applied retroactively to cases on collateral review. *See id*. at 206.

to **Miller** or the section 1102.1(d) factors before resentencing the juvenile offender. **See id**. at 297.

In light of **Miller** and **Batts I**, this Court affirmed Street's convictions, but remanded for resentencing. **See Street**, 69 A.3d at 634. Following remand, the sentencing court considered Street's youth and attendant characteristics pursuant to **Miller** but nevertheless reimposed LWOP for first-degree murder. In August 2016, this Court affirmed the judgment of sentence. **See Commonwealth v. Street**, 156 A.3d 348 (Pa. Super. 2016) (unpublished memorandum).

In June 2017, our Supreme Court decided **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) ("**Batts II**"). The **Batts II** Court "exercise[d] [its] constitutional power of judicial administration to devise a procedure for the implementation of the **Miller** and **Montgomery** decisions in Pennsylvania." **Id**. at 451. The **Batts II** Court held that procedural safeguards beyond consideration of youth and attendant characteristics pursuant to **Miller** or the sentencing factors set forth in section 1102.1(d) were required to satisfy Eighth Amendment scrutiny and to ensure that LWOP sentences are meted out only to "the rarest of juvenile offenders" whose crimes reflect "permanent incorrigibility," "irreparable corruption" and "irretrievable depravity." **Id**. at 416. The **Batts II** Court recognized a presumption against the imposition of LWOP for a juvenile offender and held that the Commonwealth must provide reasonable notice of its intent to seek a LWOP sentence and then prove beyond

a reasonable doubt that the juvenile offender is "permanently incorrigible and that rehabilitation would be impossible." *Id*. at 459.

In August 2017, Street filed a petition pursuant to the Post Conviction Relief Act ("PCRA")[6] alleging that his sentence was illegal under *Batts II*. The PCRA court agreed, and vacated Street's sentence. Upon resentencing, the Commonwealth did not seek a sentence of LWOP. On January 30, 2020, the sentencing court resentenced Street to consecutive terms of thirty years to life in prison, one for each homicide count. Street filed a post-sentence motion and sought leave to obtain an updated expert report. After granting Street numerous extensions to secure an updated expert report, the court denied the post-sentence motion. Street filed a timely notice of appeal and both he and the trial court complied with Pa.R.A.P. 1925.

During the pendency of the present appeal, the United States Supreme Court decided *Jones v. Mississippi*, 141 S. Ct. 1307 (2021). The *Jones* Court reaffirmed its decisions in *Miller* and *Montgomery* and reiterated that mandatory LWOP sentences for juvenile offenders violate the Eighth Amendment. *Id*. at 1311. However, the *Jones* Court held that sentencing schemes which allow the discretionary imposition of life sentences after consideration of the juvenile homicide offender's youth and attendant

---

[6] *See* 42 Pa.C.S.A. §§ 9541-9546.

characteristics pass constitutional muster without the need for a separate factual finding of permanent incorrigibility. *Id*. at 1317-18.

In response to *Jones*, the Pennsylvania Supreme Court issued its decision in *Commonwealth v. Felder*, 269 A.3d 1232 (Pa. 2022), wherein it dissolved the procedural requirements set forth in *Batts II* that are not constitutionally required; namely, the presumption against sentencing a juvenile homicide offender to LWOP, and the imposition on the Commonwealth of the burden of proving beyond a reasonable doubt that the juvenile is permanently incorrigible. *Id*. at 1244. The *Felder* Court ruled that, when sentencing juvenile homicide offenders, "sentencing courts are required to consider only the relevant sentencing statutes, which will guarantee that the sentencer considers the juvenile's youth and attendant characteristics as required by *Miller*." *Id*. at 1246. The *Felder* Court further held that "[s]o long as the sentence imposed is discretionary and takes into account the offender's youth, even if it amounts to a *de facto* life sentence, *Miller* is not violated." *Id*.

With this background in mind, we turn to the issues that Street raises for our review:

1. Whether the trial court's aggregate sentence of [sixty] years to life is an unconstitutional and illegal *de facto* life sentence which violates *Miller* . . . and *Batts* [*II*]?

2. Whether the trial court erred in failing to properly consider, and failed to properly articulate its consideration of, the factors it was required to consider under *Miller* and *Batts* [*II*], which

renders the aggregate sentence of [sixty] years to life both illegal and an abuse of discretion?

3. Whether the trial court erred, abused its discretion and/or denied [Street's] right to due process under the United States and Pennsylvania Constitutions by preventing [him] from presenting expert testimony on the key issue of capability of rehabilitation?

Street's Brief at 7 (unnecessary capitalization omitted).

As Street's issues are interrelated, we will address them together. Each of Street's issues is premised on a claim that his aggregate sentence of sixty years to life in prison constitutes an unconstitutional and illegal *de facto* life sentence. As this claim presents a challenge to the legality of Street's sentence, our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Clary*, 226 A.3d 571 (Pa. Super. 2020).

Street claims that his sentence is unconstitutional and illegal because it amounts to a *de facto* life sentence for which the trial court was required to adequately consider and articulate his youth and attendant characteristics pursuant to *Miller* and to make a finding that he is permanently incorrigible pursuant to *Batts II*. Street also contends that the trial court erred and abused its discretion by denying his post-sentence motion before he could obtain an updated expert report discussing his youth and attendant characteristics pursuant to *Miller* and demonstrating that he is not permanently incorrigible pursuant to *Batts II*.

Importantly, Street acknowledges that, pursuant to *Commonwealth v. Foust*, 180 A.3d 416, 438 (Pa. Super. 2018); *appeal denied*, ____ A.3d ___,

2022 Pa. LEXIS 701 (Pa. 2022), his consecutive thirty-years-to-life sentences do not amount to an unconstitutional or illegal *de facto* life sentence. **See** Street's Brief at 34. For this reason alone, Street's claims that his sentence is unconstitutional and illegal must fail. **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) (acknowledging that a three-judge panel of the Superior Court "is not empowered to overrule another panel of the Superior Court" where the facts of the two cases are indistinguishable).

Moreover, as the **Felder** Court explained, a sentencing court is not required to consider a juvenile offender's youth and attendant characteristics pursuant to **Miller** when imposing a discretionary term-of-years sentence. **See Felder**, 269 A.3d at 1235 (holding that "even if a term-of-years sentence amounts to a *de facto* life sentence, **Miller** provides no viable avenue for relief"). Similarly, in light of **Jones**, our Supreme Court dissolved the procedural requirement set forth in **Batts II** which required the Commonwealth to prove that the juvenile is permanently incorrigible before imposing a LWOP sentence. **Id**. at 1244. Thus, as the trial court was not required to consider Street's youth and attendant characteristics pursuant to **Miller** or to make a finding that Street was permanently incorrigible pursuant

to **Batts II** when imposing the subject discretionary term-of-years sentence, Street's constitutionality and legality of sentencing claims merit no relief.[7]

In cases where, as here, the Commonwealth did not seek a LWOP sentence and the sentencing court imposed a discretionary term-of-years-sentence which does not amount to a *de facto* life sentence, traditional sentencing considerations apply.  **See Commonwealth v. Summers**, 245 A.3d 686, 693 (Pa. Super. 2021) (applying traditional sentencing considerations where the Commonwealth did not seek a LWOP sentence and appellant received a discretionary term-of-years-sentence);[8] **see also Foust**,

_____

[7]As **Felder** was decided while Street's present appeal was pending, we granted his request to file a supplemental brief regarding the impact of **Felder** on his issues.  In Street's supplemental brief, he argues that **Felder** dissolved the protections required by **Batts II** solely in relation to the Eighth Amendment and not as to Article I, Section 13 of the Pennsylvania Constitution.  The Commonwealth argues that Street failed to preserve a claim under Article I, Section 13 for our review.  Even assuming that Street preserved such a claim, we are bound by the **Felder** Court's express dissolution of its mandates in **Batts II**.  **See Felder**, 269 A.3d at 1244. Therefore, until such time as our High Court indicates otherwise, we deem such dissolution to extend to constitutionality challenges under Article I, Section 13.  **See id**; **see also Commonwealth v. Moye**, 266 A.3d 666, 675-76 (Pa. Super. 2021) (holding that where the juvenile did not receive a *de facto* life sentence, there is no viable theory of relief under the Eighth Amendment or Article I, Section 13).

[8] In **Felder**, the Court did not indicate whether the Commonwealth sought a LWOP sentence.  However, its ruling that "the authority of a sentencing court to impose a life-without-parole sentence on a juvenile homicide offender is circumscribed only to the extent set forth in [section] 9721(b) and [section] 1102.1, and by **Miller**'s command to "consider the mitigating qualities of youth," suggests that such notice was issued.  **Felder**, 269 A.3d at 1245 (quoting **Miller**, 567 U.S. at 476).

180 A.3d at 438 (applying traditional sentencing considerations to a preserved discretionary sentencing claim after determining that a sentence of thirty years to life in prison did not constitute a *de facto* LWOP sentence). Such considerations require the sentencing court to consider the factors set forth in 42 Pa.C.S.A. § 9721(b) and fashion a sentence that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. *See* 42 Pa.C.S.A. § 9721(b).

While we are mindful that Street attempted to raise a challenge to the discretionary aspects of his sentence, the sole discretionary sentencing claim raised in his post-sentence motion was that the sentencing court abused its discretion by imposing a *de facto* LWOP sentence without first considering and articulating on the record its consideration of his youth and attendant characteristics pursuant to *Miller*, his capacity for rehabilitation under *Batts II*, and the section 1102.1(d) factors. *See* Post-Sentence Motion, 2/7/20, at 2-7. As explained above, pursuant to *Felder*, the sentencing court was not required to consider Street's youth and attendant characteristics pursuant to *Miller* or whether Street was permanently incorrigible pursuant to *Batts II*. Additionally, the sentencing court was not required to consider the section 1102.1(d) factors because Street was convicted prior to June 24, 2012. *See* 18 Pa.C.S.A. § 1102.1(a)(1) (applying to juveniles convicted of first-degree murder after June 24, 2012). Instead, because Street was convicted prior to

June 24, 2012, his sentencing was subject to section 1102 and the procedures set forth in section 9711. **See** 18 Pa.C.S.A. § 1102; **see also** 42 Pa.C.S.A. § 9711.

Street did not assert a claim in his post-sentence motion that the sentencing court abused its discretion relative to section 1102, section 9711, or section 9721(b) when fashioning his sentence. **See** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal); **see also Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (holding that issues challenging the discretionary aspects of a sentence must be raised at sentencing or in a post-sentence motion or they are waived).[9] Thus, Street failed to preserve any

_____

[9] We recognize that this Court has considered a discretionary sentencing claim after determining that a juvenile homicide offender did not receive a _de facto_ LWOP sentence; however, in those cases the appellant preserved a discretionary sentencing claim relative to traditional sentencing considerations. **See e.g., Foust**, 180 A.3d 439 (addressing preserved claims that "imposing consecutive sentences . . . was clearly unreasonable and results in an excessive sentence"); **see also Commonwealth v. Derrickson**, 242 A.3d 667, 679 (Pa. Super. 2020) (addressing preserved claims that the sentence was "manifestly excessive and overly harsh," "unreasonable," "based on the serious nature of the crime," and "failed to give due consideration as required by [section] 9721"); **Commonwealth v. White**, 193 A.3d 977, 981 (Pa. Super. 2018) (addressing preserved claims that the sentence imposed was "excessive" and was not "individualized"). In his post-sentence motion, Street claimed that the sentencing court's failure to consider and make findings on the record regarding his youth and attendant characteristics pursuant to **Miller** and that he was incapable of rehabilitation under **Batts II** constituted an abuse of discretion "regardless of the general principle that the running of sentences concurrently or consecutively is typically reserved to the discretion of the [c]ourt." Post Sentence Motion,
_(Footnote Continued Next Page)_

such claim for our review.[10]  Accordingly, as none of Street's issues merit relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/18/2022

---

2/7/20, at 5.  Street did not specifically challenge the trial court's decision to impose consecutive rather than concurrent sentences or present any claim that his sentences were inconsistent with the provisions of the sentencing code or contrary to the fundamental norms underlying the sentencing process.  **See Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).

[10] We further observe that the only discretionary sentencing claim that Street raised in his Pa.R.A.P. 2119(f) statement was that "the trial court failed to undertake such an analysis and instead simply rubber-stamped the sentence requested by the prosecutor."  Street's Brief at 28.  Street made this assertion following a quote from a footnote in **Foust**, wherein the Court stated, in *dicta*, that "[i]f a trial court determines that the facts in a particular case warrant consecutive sentences, it should detail, on the record, why consecutive sentences are appropriate."  **Foust**, 180 A.3d at 441 n.21.  To the extent that the **Foust** Court's *dicta* can be viewed as a legitimate discretionary sentencing issue, Street waived the issue by not raising it in his post-sentence motion.  **See** Pa.R.A.P. 302(a); **Cartrette**, 83 A.3d 1042.  Moreover, Street raised no other discretionary sentencing claim in his Rule 2119(f) statement and the Commonwealth objected to this omission.  **See** Commonwealth's Brief at 13-14.  Therefore, for this additional reason, we are unable to review any discretionary sentencing claim in this appeal.  **See Commonwealth v. Karns**, 50 A.3d 158, 166 (Pa. Super. 2012) (holding that if an appellant fails to include a discretionary sentencing issue in his Rule 2119(f) statement and the Commonwealth objects, the issue is waived and this Court may not address it).