J-S08005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON GENE COLLINS | : | |
| | : | |
| Appellant | : | No. 1309 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 28, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000504-2020

BEFORE:  OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                          **FILED MAY 8, 2023**

Appellant, Aaron Gene Collins, appeals from the judgment of sentence entered on April 28, 2022.  We affirm.

On February 24, 2022, Appellant entered an open guilty plea to aggravated assault, firearms not to be carried without a license, terroristic threats, and recklessly endangering another person.[1]  During the plea hearing, Appellant admitted that, on July 25, 2020, he "use[d] a power drill to push a drill bit into [a male victim's] leg," "yelled at [a female victim] and threatened to blow her head off," and "[took] a pistol and fire[d that] gun . . . near [the victim's head] so that [the] bullet landed in the floor."  N.T. Guilty Plea,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A.  §§ 2702(a)(4),  6106(a)(1),  2706(a)(1),  and  2705, respectively.

2/24/20, at 9. Appellant also admitted that he did not have a license to carry the pistol and that he carried the pistol in a concealed manner. *Id.* at 9-10.

On April 25, 2022, the trial court sentenced Appellant to serve an aggregate term of nine to 24 years in prison for his convictions. N.T. Sentencing, 4/25/22, at 12.[2] Appellant did not file a post-sentence motion; however, Appellant did file a timely notice of appeal. Appellant raises five claims in his brief to this Court:[3]

_____

[2] On April 28, 2022, the trial court entered an amended sentencing order, which specified that "[e]ach sentence imposed today shall run consecutive to the others such that [Appellant's] aggregate sentence shall be a minimum of nine [] years and a maximum of [24] years." Amended Sentencing Order, 4/28/22, at 1; *see also* 42 Pa.C.S.A. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed").

[3] On June 20, 2022, the trial court ordered that Appellant file and serve a concise statement of errors complained of on appeal within 21 days, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). *See* Trial Court Order, 6/20/22, at 1. Appellant's counsel failed to comply with the trial court's Rule 1925(b) order.

"This Court has held that both the complete failure to file the 1925(b) statement and the untimely filing of a 1925(b) statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." *Commonwealth v. Sanchez-Frometa*, 256 A.3d 440, 442-443 (Pa. Super. 2021) (quotation marks, citations, and corrections omitted). "While these circumstances often require a remand, where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits." *Id.* (quotation marks and citations omitted).

In this case, Appellant's counsel was *per se* ineffective for failing to comply with the trial court's Rule 1925(b) order. However, this failing does not
*(Footnote Continued Next Page)*

1. Whether the trial court erred in determining Appellant's guilty plea was entered into knowingly, intelligently, and voluntarily[?]

2. Whether the trial court erred by imposing a harsh and excessive sentence when it imposed consecutive total incarceration sentences on each charge totaling nine [] years to [24] years and the court noted[] Appellant's need for supervision and treatment[?]

3. Whether [Appellant] was denied his [C]onstitutional right to waive his right to counsel under the 6th and 14th [A]mendments when the trial court denied his *pro se* petition/waiver of counsel[?]

4. Whether the trial court erred when it failed to specify in its April 25, 2022, sentencing order whether Appellant's sentence on each charge were ordered to run concurrent or consecutive and instead entered an amended sentencing order on April 28, 2022, clarifying Appellant's sentence on each charge would run consecutive to one another[?]

5. Whether the trial court erred and violated Appellant's due process rights when it ordered that Appellant's April 25, 2022[] sentence could be changed from concurrent to consecutive to Appellant's New York State sentence if Appellant was resentenced in New York State[?]

Appellant's Brief at 5-6 (some capitalization omitted).[4]

Appellant's first two claims on appeal contend that he did not knowingly, intelligently, or voluntarily enter his guilty plea and that the trial court abused its discretion by sentencing him to "a harsh and excessive sentence." ***See id.*** These two claims are waived, as Appellant did not raise them before the trial

_____

impede our ability to conduct appellate review of Appellant's claims and, in the interest of judicial economy, we will proceed to review Appellant's claims.

[4] For ease of discussion, we have renumbered Appellant's claims on appeal.

court.  **See Commonwealth v. Lincoln**, 72 A.3d 606, 609-610 (Pa. Super. 2013) ("[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.  Failure to employ either measure results in waiver") (citation omitted); **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.  Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

Next, Appellant claims that the trial court erred when it denied his petition to proceed *pro se* at trial.  This claim fails.

Following Appellant's arrest, Attorney Richard A. Wilson (hereinafter "Attorney Wilson"), of the Bradford County Public Defender's Office, entered his appearance on behalf of Appellant.  **See** Entry of Appearance, 9/9/20, at 1.  On January 20, 2022, the trial court entered an order, which declared: "the [trial court] received a letter, dated January 10, 2022, *pro se* from [Appellant] . . . that seeks to permit him to proceed as a self-represented litigant."  Trial Court Order, 1/20/22, at 1.  In response to Appellant's letter, the trial court scheduled a hearing "to determine whether [Appellant] shall be permitted to waive his right to counsel."  **Id.**

The trial court held the hearing and, on January 27, 2022, the trial court entered an order, which granted Appellant's petition to proceed *pro se*.  Trial

- 4 -

Court Order, 1/27/22, at 1. The trial court's order further declared that Attorney Wilson, "who has represented [Appellant] in this case, shall remain as standby counsel." *Id.*

However, on February 7, 2022, Appellant filed an express waiver of his right to self-representation and a new request for appointed counsel in the matter. *See* Appellant's *Pro Se* Filing, 2/7/22, at 1. Indeed, Appellant's filing specifically declared: "I[, Appellant,] would like to waive my waiver of counsel. I would like [an] appointed lawyer." *Id.* As a result of Appellant's waiver of his right to self-representation, the trial court recognized Attorney Wilson's re-appearance as counsel on behalf of Appellant. *See* Trial Court Order, 2/14/22, at 1.

On appeal, Appellant claims that the trial court erred when it denied his petition to proceed *pro se*. *See* Appellant's Brief at 14-21. However, the record demonstrates that the trial court did no such thing. Indeed, the trial court **granted** Appellant's petition to proceed *pro se*. Trial Court Order, 1/27/22, at 1. It was only after Appellant filed an **express waiver** of his right to self-representation and a **new request** for appointed counsel in the matter that the trial court recognized Attorney Wilson as Appellant's trial counsel. *See* Appellant's *Pro Se* Filing, 2/7/22, at 1 ("I[, Appellant,] would like to waive my waiver of counsel. I would like [an] appointed lawyer"); *see also* ***Commonwealth v. Chumley***, 394 A.2d 626, 646 n.3 (Pa. 1978) ("[w]hile an indigent is entitled to free counsel, he is not entitled to free counsel of his own choosing") (quotation marks and citations omitted).

As our Supreme Court has held: "[i]t is well established that a defendant can waive the right of self-representation after asserting it." *Commonwealth v. Bryant*, 855 A.2d 726, 737 (Pa. 2004); *see also Bryant*, 855 A.2d at 737 ("[o]nce asserted . . . the right to self-representation may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request together"), *quoting* **Williams v. Bartlett**, 44 F.3d 95, 100 (2d Cir. 1994). Further, our Supreme Court has held that "[a] court should indulge every reasonable presumption against the waiver of counsel." *Bryant*, 855 A.2d at 738. In the case at bar, Appellant expressly waived his right to self-representation and specifically requested that the trial court appoint new counsel to represent him during trial. Therefore, Appellant's claim on appeal – where he contends that the trial court erred when it denied his petition to proceed *pro se* – is belied by the facts of record and necessarily fails.

Appellant's fourth numbered claim on appeal contends that the trial court erred when it "failed to specify in its April 25, 2022 sentencing order whether Appellant's sentence on each charge [was] ordered to run concurrent or consecutive." Appellant's Brief at 23. This claim is patently frivolous, as the trial court entered an amended sentencing order three days later, which specified that "[e]ach sentence imposed today shall run consecutive to the others such that [Appellant's] aggregate sentence shall be a minimum of nine [] years and a maximum of [24] years." Amended Sentencing Order, 4/28/22, at 1; *see also* 42 Pa.C.S.A. § 5505 ("a court upon notice to the parties may

modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed"); *see also* Appellant's Brief at 27 (recognizing that the claim is frivolous).

Finally, Appellant claims that the trial court erred when it failed to "definitively state whether Appellant's sentence was to run concurrently or consecutively to Appellant's sentence in New York." Appellant's Brief at 29. This claim fails.

During sentencing, the trial court recognized that Appellant was currently serving a five-year term of probation, as ordered by a New York trial court. *See* Sentencing Hearing, 4/25/22, at 15. The trial court then ordered that its particular sentence "shall be imposed concurrent with the five[-]year period of probation [Appellant] is currently serving in New York State." *Id.* However, the trial court recognized that Appellant's new convictions could result in the revocation of Appellant's New York probation and that it had no say in how the New York court might resentence Appellant upon revocation. *See id.* Therefore, the trial court explained to Appellant that its sentence was done "with the understanding [that,] should [Appellant] be resentenced [in New York], such New York State sentence could be made consecutive by the resentencing judge." *Id.*

On appeal, Appellant claims that, when the trial court explained to him that its sentence was imposed "with the understanding [that,] should [Appellant] be resentenced, such New York State sentence could be made

- 7 -

consecutive by the resentencing judge," the trial court's quoted explanation resulted in a "sentence [that] could be changed from concurrent to consecutive . . . if Appellant [were] resentenced in New York State." Appellant's Brief at 28.

Appellant is mistaken. The trial court in this case was merely explaining to Appellant that it has no control over how a New York court might resentence Appellant in the future, if that court found Appellant had violated the terms of his New York probationary sentence. The trial court's explanation to Appellant is clearly accurate and the trial court's explanation of this fact does not result in an indeterminate sentence. *See* N.Y. PENAL LAW § 70.25(4) (McKinney 2023) ("[w]hen a person, who is subject to any undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction, is sentenced to an additional term or terms of imprisonment by a court of [New York], the sentence or sentences imposed by the court of this state . . . shall run either concurrently or consecutively with respect to such undischarged term in such manner as the court directs at the time of sentence"). Appellant's final claim on appeal thus fails.

Judgment of sentence affirmed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2023