J-S31022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANCIS CYRIL NOLAN | : | |
| | : | |
| Appellant | : | No. 919 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 10, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004567-2022

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED NOVEMBER 8, 2024**

Francis Cyril Nolan appeals from the judgment of sentence entered following his convictions for harassment, simple assault, and disorderly conduct.[1] He challenges the discretionary aspects of his sentence. We affirm.

Nolan's convictions stem from an altercation with his ex-wife's boyfriend. Following a bench trial, the court convicted Nolan of the above offenses. The court sentenced Nolan to three to 23 months in jail and a concurrent term of one year of probation. *See* N.T., Sentencing, 1/10/24, at 38. Nolan filed a post-sentence motion asking the court to "show him mercy." Post-Sentence Motion for Reconsideration of Sentence, filed 1/10/24, at ¶ 12. He noted that he was "in the process of filing for bankruptcy and staying

_____

[1] 18 Pa.C.S.A. §§ 2709(a)(1), 2701(a)(1), and 5503(a)(1), respectively.

foreclosure proceedings against his home." *Id.* at ¶ 6. He maintained that if he were not released from prison, he would become homeless. *Id.* at ¶ 7.

Nolan then filed on January 31, 2024, a *pro se* post-sentence motion, which the court denied as untimely. *See* Order Denying *Pro Se* Motion for Reconsideration of Sentence, filed 2/5/24. The court subsequently denied the January 10 post-sentence motion, on February 23, 2024. *See* Order, filed 2/23/24. This timely appeal followed. *See* Notice of Appeal, filed 3/22/24; Pa.R.Crim.P. 720(A)(2)(a) (stating defendant has 30 days after the entry of an order deciding a timely post-sentence motion to file a notice of appeal); Pa.R.Crim.P. 720(B)(3)(a) (stating a court has 120 days to decide a post-sentence motion before it is deemed denied by operation of law).

Nolan raises the following issue: "Whether [Nolan's] sentencing hearing and sentence did not follow the Sentencing Code, sentencing norms and was manifestly unreasonable and excessive[?]" Nolan's Br. at 4. Nolan challenges the discretionary aspects of his sentence. However, we do not address the merits of his claim because he failed to preserve this claim.

Before reviewing the merits of a challenge to discretionary aspects of sentence we must determine whether: 1) the appeal is timely; 2) the issue was preserved at sentencing or a post-sentence motion; 3) the brief includes a Rule 2119(f) statement; and 4) the issue raises a substantial question. *See* *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). Claims not raised at sentencing or in a post-sentence motion are waived for appellate review. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super.

2013) (*en banc*) (stating failure to raise challenge to discretionary aspects of sentence at sentencing or in a post-sentence motion will result in waiver).

Here, Nolan waived appellate review of his claim of an excessive sentence by not raising it at sentencing or in a timely post-sentence motion. Therefore, we do not address his claim and affirm the judgment of sentence. ***See Commonwealth v. Tejada***, 107 A.3d 788, 799 (Pa.Super. 2015) (rejecting review of claim challenging discretionary aspects of sentence where issue was not preserved at sentencing or in a post-sentence motion).

Judgment of sentence affirmed.

Judge Beck joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/8/2024