J-S41001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HANIFAH LATTIE | : | |
| | : | |
| Appellant | : | No. 872 EDA 2025 |

Appeal from the Judgment of Sentence Entered March 13, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006754-2023

BEFORE: BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                          **FILED DECEMBER 9, 2025**

Hanifa Lattie appeals from the judgment of sentence of thirty months of probation imposed upon her convictions for terroristic threats and harassment. We affirm.

The trial court summarized the background of this case as follows:

[The complainant, Donna] Johnson[,] had known Appellant for approximately twenty-five years because Appellant had previously been married to Ms. Johnson's brother with whom Appellant had six children. Following the divorce from Ms. Johnson's brother, Ms. Johnson had not seen Appellant in approximately seven or eight years when, starting on July 16, 2023, she received the first of many threatening text and voicemail messages. Ms. Johnson attributed the recent contact to a conversation she had had with one of Appellant's daughters in June of that year. Ms. Johnson initially called the New Jersey police department where Appellant lived to file a complaint but was informed that she needed to contact her local police department.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[She did, and o]n August 4, 2023, Cheltenham Township Police Department Officer Ryan Ewald responded to Ms. Johnson's home in Glenside, Montgomery County as the threatening texts had not stopped. Officer Ewald attempted to contact Appellant several times without success. He remained in contact with Ms. Johnson by email and after learning that Ms. Johnson was still receiving the unwanted texts and emails from Appellant, Officer Ewald returned to Ms. Johnson's residence on August 15, 2023. On that date, Officer Ewald was able to speak with Appellant on speaker phone to tell her that charges would be filed if the harassment did not stop. After receiving another email from Ms. Johnson stating that the messages had not stopped and the threats were escalating, Officer Ewald and Detective Denise Teece requested an arrest warrant for Appellant.

Appellant turned herself in on August 23, 2023. Following the bench trial where th[e trial] court found Appellant guilty of the two charges, the court deferred sentencing to obtain a presentence investigation ("PSI") report and a [probation and parole intervention ("PPI")] evaluation report.

The court sentenced Appellant on March 13, 2025, to a term of county[-]supervised probation for thirty months on the terroristic threats conviction and a concurrent term of twelve months' probation for the harassment conviction. In doing so, the court utilized the PSI report, considered the PPI evaluation[,] and consulted the sentencing guidelines. The sentencing guidelines provide[d] a standard[-]range sentence in this case of restorative sanctions up to a one[-]month minimum jail sentence. The statutory maximum sentence [wa]s thirty to sixty months [of] incarceration. The court explained that the PPI assessment provided the reasons that the conditions of probation are necessary and are the least restrictive means available to promote Appellant's rehabilitation and the protection of the public, which are factors the court must consider. The court also continued the no[-]contact order directing that Appellant have no contact in any form whatsoever with Ms. Johnson.

Appellant, through the Montgomery County Public Defender's Office, filed a post-sentence motion seeking a reconsideration of the sentence to reduce it to a total of twelve months concurrent for both convictions, which the court denied by order docketed on March 19, 2025. Appellant filed a timely notice of appeal on March 27, 2025. In response, th[e trial] court issued an order on the

same day directing Appellant to produce a Pa.R.A.P. 1925(b) concise statement of errors within twenty-one days. On April 13, 2025, Appellant filed her concise statement[, and the court authored a Rule 1925(a) opinion].

Trial Court Opinion, 4/24/25, at 2-4 (cleaned up).

Appellant presents this Court with the following question: "Whether Appellant's sentencing hearing did not follow the Sentencing Code, sentencing norms and whether the sentence was manifestly unreasonable and excessive." Appellant's brief at 4.

The following legal principles guide our consideration of Appellant's issue. "An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." *Commonwealth v. Bowens*, 265 A.3d 730, 762–63 (Pa. Super. 2021) (*en banc*) (cleaned up).

> Rather, an appellant challenging the discretionary aspects of [her] sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*. at 763 (cleaned up).

In the instant case, Appellant filed a timely notice of appeal and has included in her brief a statement of the reasons to allow the discretionary-aspects challenge pursuant to Pa.R.A.P. 2119(f). Appellant asserts that a substantial question that her sentence is inappropriate is presented because the term is excessive given her lack of a criminal record, and that the trial

court failed to consider the mitigating evidence that she was being harassed by her ex-husband, who was seeking to interfere with her relationship with their children. *See* Appellant's brief at 16-17.

These allegations were not raised in Appellant's post-sentence motion. Instead, in asking the court to reconsider her sentence, she suggested no complaints of excessiveness or failure to consider mitigating factors, but merely indicated: "[Appellant] is grateful the case is finally 'behind' her but would like the court to reconsider the sentence to [twelve] months [of] probation on both files concurrent to each other." Post-Sentence Motion, 3/14/25, at unnumbered 2.

This lack of specified objections to the sentence is reflected in the trial court's Rule 1925(a) opinion, which indicated:

> Instantly, Appellant has not established by reference to the record or the law why or how the court's sentence was excessive and unduly harsh. Prior to sentencing, the court reviewed the evidence from the bench trial. As the court stated at sentencing, it had read the PSI report and the PPI evaluation and, therefore, it can be assumed that the court properly considered and weighed all relevant factors. Finally, the court sentenced Appellant within the standard range. Given the dearth of legal argument or reference to the record clearly evidencing the contrary, the sentence cannot be considered excessive or unreasonable.

Trial Court Opinion, 4/24/25, at 6 (cleaned up).

Therefore, we agree with the Commonwealth that Appellant has waived appellate review of her sentencing claim. *See* Commonwealth's brief at 7-8 (citing ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1043 (Pa.Super. 2013) (*en banc*) (holding the appellant's challenge to discretionary aspects of his

sentence asserted in his Rule 2119(f) statement was waived where it was not raised at sentencing or in his post-sentence motion)).

In the absence of any preserved objection to Appellant's judgment of sentence, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/9/2025